OPINION
{¶ 1} Defendant-appellant, James R. Farley, appeals from the May 21, 2003 judgment entry of the Franklin County Court of Common Pleas overruling appellant's "application for leave to file a motion for new trial pursuant to Ohio Revised Code §2945.80 and Criminal Rule 33" and overruling as moot appellant's motion to compel. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On May 22, 1995, appellant was indicted on one count of aggravated murder for the May 12, 1995 stabbing death of Clint Farley. The jury was instructed on aggravated murder, murder, and voluntary manslaughter. On May 31, 1996, appellant was found guilty of aggravated murder and sentenced to life in prison with no eligibility for parole in less than 20 years. Appellant timely appealed his conviction. See State v. Farley (July 15, 1997), Franklin App. No. 96APA09-1247 for a full procedural and factual history of the case.
 {¶ 3} On September 16, 2002, appellant filed an "Application for leave to file motion for new trial pursuant to Ohio Revised Code § 2945 and Criminal Rule 33" based on newly discovered evidence, irregularity, and misconduct in his criminal trial. Appellant alleged that the newly discovered evidence is information from his brother, Raymond L. Farley, who did not testify at appellant's trial. Appellant maintained in his motion that Raymond did not testify because appellant's defense counsel informed Raymond that he had felony warrants for his arrest and that unless Raymond wanted to be arrested, he should leave the court and not testify. Attached to his motion, appellant submitted his own signed affidavit, an affidavit signed by Raymond, and an excerpt of the transcript from the trial proceedings.
 {¶ 4} On May 5, 2003, appellant filed a motion to compel. On May 15, 2003, the state filed a memorandum contra to appellant's motion for a new trial. On May 21, 2003, the trial court overruled appellant's motion for a new trial and request for leave to file motion for a new trial, and overruled as moot appellant's motion to compel. It is from this entry that appellant has appealed a second time to this court, assigning the following as error:
I. The court abused it's [sic] discretion when it failed to obide [sic] by the governing rules and denied the leave to file a post conviction relief and evidentiary hearing.
II. The court comitted [SIC] prejuicial [SIC] error by failing to make the required findings of facts and conclusions of law.
III. The trial court errored [sic] to the prejuice [sic] of the appellant by dismissing the motion for leave to file.
 {¶ 5} Appellant's first and third assignments of error are interrelated and, as such, will be addressed together. On September 16, 2002, appellant requested a new trial based on newly discovered evidence pursuant to R.C. 2945.80 and Crim.R. 33. Specifically, appellant sought to introduce the affidavit of his brother, Raymond Farley, to demonstrate that Raymond was prevented from testifying at appellant's trial based on appellant's trial counsel informing Raymond that he had outstanding felony warrants for his arrest. Appellant argues that he should be entitled to a new trial to allow his brother the opportunity to testify on his behalf.
 {¶ 6} The standard of review on a motion for a new trial on the grounds of newly discovered evidence in a criminal case is well-settled in Ohio. The Ohio Supreme Court has held that in order to grant a motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based:
(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
State v. Petro (1947), 148 Ohio St. 505, paragraph one of the syllabus, citing State v. Lopa (1917), 96 Ohio St. 410, approved and followed. The Ohio Supreme Court further noted that:
The granting of a motion for a new trial upon the ground named [newly discovered evidence] is necessarily committed to the wise discretion of the court, and a court of error cannot reverse, unless there has been a gross abuse of that discretion; and whether that discretion has been abused must be disclosed from the entire record. * * *
Petro, at 507-508. The standard of review on appeal is set out in the first paragraph of the syllabus in State v. Schiebel
(1990), 55 Ohio St.3d 71:
A motion for new trial pursuant to Crim.R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion.
 {¶ 7} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} At the onset, we note that appellant's motion for a new trial was not timely filed before the trial court. Crim.R. 33(B) states in part:
Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 9} In this case, appellant maintains that the newly discovered evidence was not obtained until October 2001, some five years after his May 31, 1996 guilty verdict. Appellant alleged that the affidavit "layed [sic] dorment [sic] for some period of time as the affidavit was originally given to the defendant['s] father whom soon after suffered a brain stem stroke and passed away on 10/4/01." (Appellant's brief, at 1.) Appellant filed his motion for a new trial on September 16, 2002. Appellant provides no reason for this nearly one year delay in bringing the newly discovered evidence to the attention of the trial court.
 {¶ 10} There is no evidence in the record to indicate that appellant made a motion for the court to order that he was "unavoidably prevented" from discovering this new evidence. Appellant did not establish that he was unavoidably prevented from the discovery of the new evidence, that the evidence was new material to his defense, or that he could not have, with reasonable diligence, discovered and produced the new evidence at trial. See State v. Mason (Mar. 29, 2001), Ashland App. No. 00COA01373.
 {¶ 11} Appellant's argument also refers to alleged misconduct on behalf of his trial counsel in preventing Raymond from testifying. Ineffective assistance of trial counsel may be raised as a ground for a new trial under Crim.R. 33(A)(1) "[i]rregularity in the proceedings * * * because of which the defendant was prevented from having a fair trial." However, a motion for a new trial on the grounds of ineffective assistance of counsel must be filed within 14 days after the verdict, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for new trial. Crim.R. 33(B); State v. Cunningham, Franklin App. No. 02AP-332, 2002-Ohio-6841. For the following reasons, appellant did not present the requisite clear and convincing proof.[1]
 {¶ 12} Appellant asserts that his trial counsel told Raymond that he had outstanding warrants for his arrest and that he should leave the courtroom unless he wanted to be arrested. However, a review of the transcript excerpt reveals that appellant's assertion is contradicted by his trial counsel's statement at trial where counsel informed the court that he spoke to Raymond telling him that he needed to appear to testify. Raymond failed to appear and trial counsel requested that the trial court issue a bench warrant compelling Raymond's appearance to testify.
 {¶ 13} The information contained in the affidavit, which appellant is claiming is newly discovered, was easily accessible at the time of the trial by way of calling Raymond to testify. Appellant has failed to meet the clear and convincing standard required by Crim.R. 33(B). Therefore, we conclude that appellant could have met the statutory requirements of Crim.R. 33(B), but failed to do so. As such, we find that the trial court correctly denied appellant's motion for a new trial based on the newly discovered evidence. Accordingly, this court finds that appellant's first and third assignments of error lack merit and are overruled.
 {¶ 14} In his second assignment of error, appellant contends that the trial court erred by failing to make the required findings of fact and conclusions of law regarding the dismissal of his motion for post-conviction relief. The journal entry in question states that appellant's witness is not newly discovered evidence, that appellant failed to prove by clear and convincing evidence that he was unavoidably prevented from discovering the evidence upon which he relied, and that 19 months elapsed from the date appellant's brother signed the affidavit to the time appellant filed the petition for post-conviction relief.
 {¶ 15} In State v. Lester (1975), 41 Ohio St.2d 51, paragraph two of the syllabus, the Ohio Supreme Court held that findings of fact and conclusions of law are mandatory under R.C.2953.21(C) if the trial court dismisses the petition. In Statev. Mapson (1982), 1 Ohio St.3d 217, 219, the court stated:
The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." Jones v. State (1966),8 Ohio St.2d 21, 22 [citation omitted]. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.
 {¶ 16} In this case, the journal entry satisfies the policy considerations announced in Mapson. Even though the trial court does not specifically label its entry as findings of fact and conclusions of law it serves that purpose. Accordingly, appellant's second assignment of error lacks merit and is overruled.
 {¶ 17} For the foregoing reasons, appellant's first, second, and third assignments of error are overruled and the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Watson, JJ., concur.
[1] We note that appellant raised ineffective assistance of counsel on direct appeal. However, appellant did not argue that counsel was deficient by warning appellant's brother about outstanding warrants, which resulted in the witness not testifying.