OPINION *Page 2 
{¶ 1} Defendant-appellant Ronald T. Rouse, Jr., appeals his convictions and sentences in the Muskingum County Court of Common Pleas for one count of Aggravated Burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of Violation of a Protection Order, in violation of R.C. 2919.27(A)(1), a felony of the third degree; and one count of Domestic Violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about January 2, 2007, officers of the Zanesville Police Department were dispatched to 149 Blocksom, Apartment E in reference to a subject causing a disturbance outside the residence. When Patrolman Chris Phipps arrived at the residence, he observed signs of forced entry into the residence. Muddy footprints were embedded on the door as if it had been kicked open. In addition, the door jam was broken, with pieces laying several feet inside the home. Inside the home, officers observed that the upstairs bedroom door had been shattered and broken in half. Officers also observed a broken hair barrette as well as loose strands of hair on the floor.
 {¶ 3} Officers spoke to Joni Bocook, who indicated that the appellant had broken down the front door; entered the residence; forced entry into the bedroom; assaulted her; drug her down the steps by her hair; and fled the scene just prior to the arrival of police officers. Officers observed that Ms. Bocook had redness about her neck and that she had blood on her lower lip. Ms. Bocook signed a domestic violence complaint form. *Page 3 
Within minutes, appellant was observed by officers fleeing from the area and was taken into custody.
 {¶ 4} A further description of the facts underlying appellant's convictions is unnecessary to our disposition of this case. The ultimate legal issue revolves around the admissibility of State's Exhibit 16, a certified copy of a protection order issued by Judge William D. Joseph of the Zanesville Municipal Court. In order to establish the existence of the protection order, the State called Judge Joseph as a witness. Judge Joseph testified that he knew the appellant and that he recognized him. Judge Joseph then testified that he recalled issuing an order of protection pertaining to the appellant on February 28, 2006. Judge Joseph indicated that, pursuant to the terms of the protection order, the appellant was not to have any contact with the alleged victim, Joni Bocook. Judge Joseph further explained that because appellant was in jail at that time the proceedings took place over a video monitor. Judge Joseph indicated that he had taken an opportunity to review his court file and a video tape of the municipal court proceedings prior to testifying. Judge Joseph confirmed that he issued the order, explained the order to the appellant and signed it while on the bench. He then explained that a copy of the order is routinely taken to the jail and given to the suspect who then signs the original showing that he did receive it. During his testimony, Judge Joseph was presented with State's Exhibit 16. After reviewing State's Exhibit 16, Judge Joseph identified it as a copy of the of the protection order that he issued to the appellant on February 28, 2006. Upon this testimony, State's Exhibit 16 was admitted into evidence at the conclusion of the State's case with no objection. *Page 4 
 {¶ 5} At trial, the State presented the testimony of seven (7) witnesses. For its part, the defense called two witnesses. The appellant did not testify. The State called an additional witness in rebuttal. After closing arguments, the jury retired to deliberate. After approximately five (5) hours of deliberations, the jury returned a verdict of "guilty" as to all three (3) counts.
 {¶ 6} On May 20, 2007, the trial court conducted a sentencing hearing. Present on behalf of the appellant was trial counsel, Mr. Mortimer and a second attorney Mr. Rodier. Both attorneys stood with the appellant during sentencing. The trial court sentenced appellant to a stated prison term of ten (10) years on Count One and to a stated prison term of five (5) years on Count Two, said sentences to be served consecutive to one another for an aggregate prison sentence of fifteen (15) years. In addition, the appellant received a sentence of six (6) months on Count Three, said sentence to be served concurrent to the other charges. The appellant was also ordered to pay the costs of his prosecution and to pay restitution to his victims.
 {¶ 7} On June 4, 2007, two separate appeals were filed on behalf of the appellant. The first appeal was filed by Elizabeth Gaba and assigned Case No.CT2007-36. Cole Gerstner, who had been appointed to represent the appellant upon appeal by the trial court, filed the second appeal. This appeal was assigned Case No. CT2007-37. Upon being advised of the conflict, Mr. Gerstner filed a Motion to Withdraw as appellate counsel with this Court. By entry dated, June 25, 2007, this Court granted Mr. Gerstner's Motion to Withdraw and sua sponte dismissed Case No.CT2007-0037.
 {¶ 8} This matter is now before this Court upon direct appeal of right of appellant's conviction. Appellant assigns the following errors for review: *Page 5 
 {¶ 9} "I. THE CONVICTIONS ON COUNTS ONE AND/OR TWO WERE THE RESULT OF A VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW. APPOINTED COUNSEL AT TRIAL FAILED TO CHALLENGE THE STATE'S CONTENTION THAT A VALID PROTECTION ORDER WAS IN FORCE, WHEN THAT DOCUMENT WAS ABSENT A TIME STAMP AND THUSLY WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE COUNT ONE AND/OR COUNT TWO OF THE INDICTMENT.
 {¶ 10} "II. THE STATE OF OHIO, BY AND THROUGH ITS AGENT PROSECUTOR KNOWINGLY USED FALSE EVIDENCE AND ALLOWED FALSE TESTIMONY IN OBTAINING THE CONVICTIONS OF THE APPELLANT IN VIOLATION OF THE APPELLANT'SSIXTH AMENDMENT RIGHTS TO TRIAL BY AN IMPARTIAL JURY AND TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 11} "III. THE TRIAL COURT COMMITTED STRUCTURAL AND/OR EITHER PLAIN ERROR WHEN IT FAILED TO PROVIDE THE JURY WITH A MEANS TO FIND GUILT OF THE UNDERLYING OFFENSE IN COUNT 1, RESULTING IN FUNDAMENTAL CONSTITUTIONAL ERROR.
 {¶ 12} "IV. THE CONVICTIONS ON COUNTS ONE AND/OR TWO WERE THE RESULT OF A VIOLATION OF DEFENDANT'S SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW. RETAINED COUNSEL, AT OR PRIOR TO SENTENCING FAILED TO CHALLENGE THE STATE'S CONTENTION THAT A VALID *Page 6 
PROTECTION ORDER WAS IN FORCE, WHEN THAT DOCUMENT WAS ABSENT A TIME STAMP AND THUSLY WAS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE COUNT ONE AND/OR COUNT TWO OF THE INDICTMENT. COUNSEL ALSO FAILED TO CHALLENGE THE ABSENCE OF A FINDING OF GUILT OF THE UNDERLYING OFFENSE UNDER COUNT ONE OF THE INDICTMENT ON THE VERDICT FORM."
 I. IV. {¶ 13} In his first and fourth assignments of error, appellant argues that he was denied effective assistance of trial counsel.
 {¶ 14} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed. 2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 15} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. *Page 7 
 {¶ 16} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable.Strickland 466 U.S. at 687; 694, 104 S.Ct. at 2064; 2068. The burden is upon the defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.; Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra;Bradley, supra.
 {¶ 17} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 18} Appellant's arguments center upon his conviction under count two of the indictment for violating a protection order. R.C. 2919.27
provides, in relevant part,
 {¶ 19} "(A) No person shall recklessly violate the terms of any of the following:
 {¶ 20} "(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;
 {¶ 21} "(2) A protection order issued pursuant to section 2903.213 or2903.214 of the Revised Code;
 {¶ 22} "(3) A protection order issued by a court of another state.
 {¶ 23} "(B) (1) Whoever violates this section is guilty of violating a protection order. *Page 8 
 {¶ 24} "(2) Except as otherwise provided in division (B) (3) or (4) of this section, violating a protection order is a misdemeanor of the first degree.
 {¶ 25} "* * *
 {¶ 26} "(4) If the offender violates a protection order or consent agreement while committing a felony offense, violating a protection order is a felony of the third degree."
 {¶ 27} In the appellant's case, the "felony offense" was set forth in count one of the indictment, to wit: aggravated burglary in violation of R.C. 2911.11, which provides, in relevant part:
 {¶ 28} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply . . ."
 {¶ 29} The indictment in appellant's case alleged that the "criminal offense" necessary to the commission of the aggravated burglary was "violation of a protection order and/or domestic violence."
 {¶ 30} Appellant argues that he could not be convicted of violating a protection order and hence aggravated burglary because the protection order entered into evidence at trial as State's Exhibit 16 lacked a time-stamp indicating that it had been filed in the Municipal Court. He further contends that his trial counsel's failure to raise this issue in the trial court during the trial and/or the sentencing hearing constituted ineffective assistance of counsel, entitling him to a new trial. We disagree. *Page 9 
 {¶ 31} At the outset, we note that appellant was convicted of domestic violence as set forth in count three of the indictment. Accordingly, appellant's conviction for aggravated burglary is not dependent upon the protection order entered into evidence at trial as State's Exhibit 16.
 {¶ 32} In State v. Otte, the defendant was convicted by a three-judge panel of aggravated murder, aggravated robbery, and aggravated burglary, and he was sentenced to death. After unsuccessfully appealing his conviction, Otte filed an application to reopen his appeal that was denied by the appellate court. Otte appealed the denial to the Ohio Supreme Court, which held that: (1) strict compliance with the statute governing waiver of right to a jury trial is necessary for valid jury waiver, and (2) appellate counsel was not required to raise an unsupported claim that Otte's signed affidavit waiving a jury trial was not filed with the trial court. 94 Ohio St. 3d 167, 2002-Ohio-343,761 N.E. 2d 34. In reaching the conclusion that appellate counsel was not required to raise an unsupported claim that the signed affidavit for waiver of a trial by jury was not filed in the trial court, the Supreme Court noted:
 {¶ 33} "Nowhere does Otte set forth any factual basis for his claim that the affidavit was not filed. He does attach a photocopy of a certified copy of the signed jury waiver as an exhibit to his brief. But nothing on the face of that exhibit indicates that the signed waiver wasnot filed in the trial court. At most, it can be said that the waiver appears to lack a contemporaneous file stamp. Moreover, the exhibit shows a certification, dated September 6, 1996, that states: *Page 10 
 {¶ 34} `I, Gerald E. Fuerst, clerk of the court of common pleas within and for said [Cuyahoga] county, hereby certify that the above and foregoing is truly taken and copied from the original CR279973 now onfile in my office."
 {¶ 35} "State ex rel. Larkins v. Baker (1995), 73 Ohio St.3d 658,653 N.E.2d 701, presented a similar issue. There, the petitioner's signed jury waiver (like Otte's) was physically located in the case file but had not been file-stamped. We held that, despite Dallman's requirement of strict compliance with R.C. 2945.05, the trial court's failure to file-stamp the waiver was not a jurisdictional defect. Id. at 661,653 N.E. 2d at 703. When we later decided Pless, we distinguishedLarkins in part because "the record before us contains no evidence that appellant's signed jury waiver form was ever included in the trial court's case file.' Pless, 74 Ohio St. 3d at 339, 658 N.E.2d at 770.
 {¶ 36} "Thus, had Otte's appellate counsel raised the Pless issue, there is no reasonable probability that the result would have been different; Otte would have lost anyway. . . . (Footnotes omitted).94 Ohio St.3d at 169, 2002-Ohio-343, 761 N.E.2d at 36.
 {¶ 37} In the case at bar, State's Exhibit 16 shows a certification, dated March 20, 2007, that states:
 {¶ 38} "I hereby certify this to be a true copy of TPO taken from the Zanesville Municipal Court records, Zanesville, Ohio." A "Clerk/Dep. Clerk" signed the certification.
 {¶ 39} As was true it Otte, supra, appellant in the case at bar does not set forth any factual basis for his claim that the protection order was not filed. Indeed appellant's signature appears on page three of the document in which he agrees, "to be bound by the terms of this order." Appellant signed this acknowledgment on February 28, 2006. Further, the testimony of Zanesville Municipal Court Judge William D. Joseph, who *Page 11 
issued the protection order, verifies that the original order is contained in the court file. (2T. at 170; 172).
 {¶ 40} Nothing on the face of State's Exhibit 16 indicates that the signed protection order was not filed in the trial court. At most, it can be said that the protection order appears to lack a contemporaneous file stamp.
 {¶ 41} Accordingly, trial counsel was not required to raise an unsupported claim that the protection order entered into evidence at trial as State's Exhibit 16 was not filed in the Municipal Court. Had trial counsel raised the issue, there is no reasonable probability that the result would have been different.
 {¶ 42} Having reviewed the record that appellant cites in support of his claim that he was denied effective assistance of counsel, we find appellant was not prejudiced by defense counsel's representation of him. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel.
 {¶ 43} Appellant's first and fourth assignments of error are overruled.
 II. {¶ 44} In his second assignment of error, appellant argues that his convictions violate due process of law because they were obtained by the State's use of false evidence and false testimony. Specifically appellant argues that the protection order entered into evidence at trial as State's Exhibit 16 was not valid, and apparently, the testimony concerning said exhibit elicited by the State from Municipal Court Judge William D. Joseph was false. (Appellant's Brief at 16-17). We disagree. *Page 12 
 {¶ 45} The United States Supreme Court recognized in Mooney v.Holohan (1935), 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, that the prosecutor, as an agent of the state, has a constitutional duty to assure the defendant a fair trial. Consistent with this notion is the obligation of the prosecutor:** (1) to refrain from knowingly using perjured testimony, see Mooney, supra; (2) to disclose certain evidence favorable to the accused, see Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215; United States v. Agurs, supra; and (3) to correct testimony he knows to be false, see Napue v. Illinois (1959),360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217.
 {¶ 46} In State v. Iacona (2001), 93 Ohio St.3d 83, 97,2001-Ohio-1292, the Supreme Court of Ohio applied the following standard for a claim of this nature:
 {¶ 47} "The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.' * ** Such a claim is in the nature of an allegation of prosecutorial misconduct, and the burden is on the defendant to show that `(1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false.'" 93 Ohio St. 3d at 97,752 N.E. 2d at 951. (Citations omitted); State v. Cox, Richland App. No. 02CA82,2003-Ohio-5831.
 {¶ 48} For the reasons stated in our disposition of appellant's first assignment of error, supra, the lack of a contemporaneous file stamp is not proof that the protection order was not filed. As we have previously noted, nothing on the face of State's Exhibit 16 indicates that the signed protection order was not filed in the Municipal Court. Appellant in the case at bar does not set forth any factual basis for his claim that the protection order was not filed. Nowhere in appellant's arguments in this court or in the *Page 13 
trial court does appellant ever dispute that he in fact signed the protection order on February 28, 2006 and agreed voluntarily to be bound by its terms.
 {¶ 49} There is nothing in the record to suggest that any of the testimony or other evidence offered by the state at trial was false. In the circumstances of the case, no prejudice amounting to a denial of constitutional due process was shown.
 {¶ 50} Appellant's second assignment of error is overruled.
 III. {¶ 51} In his third assignment of error appellant argues that the trial court committed "structural and/or either plain error" in its jury verdict form for finding him guilty or not guilty of the crime of aggravated burglary. We disagree.
 {¶ 52} Aggravated burglary in violation of R.C. 2911.11 provides, in relevant part:
 {¶ 53} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply . . ."
 {¶ 54} Appellant argues that the trial court did not designate the "criminal offense" on the jury verdict form and therefore the court is foreclosed from finding that every element of the crime of aggravated burglary was found unanimously by the jury. Specifically whether the "criminal offense" was domestic violence or violating a protection order. *Page 14 
 {¶ 55} We begin our analysis of appellant's third assignment of error by noting that the trial judge did instruct the jury as follows:
 {¶ 56} "In the first count of the indictment, the Defendant is charged with aggravated burglary. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 2nd day of January, 2007, and in Muskingum County, Ohio, the Defendant, withpurpose to commit the offense of violation of a protection order and/ordomestic violence, trespassed by force, stealth or deception in an occupied structure, or in a separately secured or separately occupied portion of an occupied structure, to-wit, 149 E Blocksom Avenue, Zanesville, Ohio, when another person other than an accomplice of the Defendant was present in that structure or separately secured or separately occupied portion of the occupied structure, and the Defendant inflicted, attempted to inflict or threatened to inflict physical harm on that person, to-wit, Joni Bocook". (3T. at 304). (Emphasis added). The jury did in fact convict appellant of both domestic violence and violating a protective order.
 {¶ 57} Appellant essentially argues that his right to a unanimous verdict includes a right to a unanimous theory of culpable conduct supporting that verdict.
 {¶ 58} "The United States Supreme Court rejected a similar argument inSchad v. Arizona (1991), 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555. In Schad, the defendant was convicted of first-degree murder after the prosecution advanced theories of premeditated murder and felony murder. The jury was not instructed to unanimously find defendant guilty based on one of the proposed theories of guilt. The Schad court found that different mental states of moral and practical equivalence (premeditated and felony murder) may serve as alternative means to satisfy the mens rea element for the *Page 15 
single offense of murder, without infringing upon the constitutional rights of the defendant. Id. at 643, 111 S.Ct. 2491, 115 L.Ed.2d 555.
 {¶ 59} "The Schad court noted: "We have never suggested that in returning general verdicts in [cases proposing multiple theories] the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone. In these cases, as in litigation generally, `different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly, there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict.' Id. at 631-632, 111 S.Ct. 2491, 115 L.Ed.2d 555, quotingMcKoy v. N. Carolina (1990), 494 U.S. 433, 449, 110 S.Ct. 1227,108 L.Ed.2d 369 (Blackmun, J., concurring)." State v. Skates (2004),104 Ohio St.3d 195, 205-206, 2004-Ohio-6391 at ¶ 53-54, 819 N.E.2d 215, 237.
 {¶ 60} Therefore, we hold that because all the jurors in appellant's case agreed on the verdict, they were not required to unanimously agree upon either domestic violence or violation of a protection order for the aggravated burglary. The trial court did not commit plain error in failing to give such an instruction, or provide separate verdict forms. See State v. Bell (1996), 112 Ohio App.3d 473, 482-483, 679 N.E.2d 44; see, also, State v. Collins, Richland App. No. 2003-CA-0073,2005-Ohio-1642 at ¶ 158-159; State v. Donahue, Fairfield App. No. 2004-CA-20, 2005-Ohio-1478 at ¶ 66.
 {¶ 61} Appellant's third assignment of error is overruled. *Page 16 
 V. {¶ 62} In his fifth assignment of error appellant argues that the "cumulative errors" alleged in assignments of error one through four collectively justify declaring his convictions and sentences void or voidable. We disagree.
 {¶ 63} In light of our disposition overruling appellant's previous four assignments of error there is no "cumulative error."
 {¶ 64} Appellant's fifth assignment of error is overruled.
 {¶ 65} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Gwin, J., Hoffman, P.J., and Farmer, J., concur. *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant. *Page 1