[Cite as *State v. Rouse*, 2014-Ohio-483.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Respondent | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2013-0043 |
| RONALD T. ROUSE, JR. | : |  |
|  | : |  |
| Defendant-Petitioner | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2007-0012


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      February 10, 2014

APPEARANCES:

For Plaintiff-Respondent      For Defendant-Petitioner

D. MICHAEL HADDOX      RONALD T. ROUSE, JR. PRO SE
ROBERT SMITH      S.O.C.F. #549234
27 North Fifth Street      Box 45699
Zanesville, OH 43701      Lucasville, OH 45699

*Gwin, J.*

**{¶1}** Defendant-appellant Ronald T. Rouse, Jr., appeals the July 31, 2013 Judgment Entry of the Muskingum County Court of Common Pleas overruling his petition for post conviction relief filed pursuant to R.C. 2953.21. Plaintiff-appellee is the State of Ohio.

## Facts and Procedural History

### *Zanesville Municipal Court Case No. 06CRB00319*

**{¶2}** On February 27, 2006, Appellant was arrested for domestic violence, in violation of Zanesville Ordinance 537.14A. See, *City of Zanesville v. Rouse*, Fifth District Muskingum No. CT-08-35, 2011-Ohio-3351, *after remand City of Zanesville v. Rouse,* 126 Ohio St.3d 1, 20120-Ohio-2218, 929 N.E.2d 1044. Appellant entered a plea of not guilty at his arraignment on February 28, 2006. The trial court scheduled the matter for trial on April 5, 2006. The trial court also issued a protection order. Appellant appeared before the trial court on April 13, 2006, and entered a plea of guilty to the charge. The trial court stayed the matter until October 26, 2006, to allow Appellant to complete an anger management program.

**{¶3}** Appellant did not complete the anger management program as he was incarcerated in July 2006 on unrelated charges. Appellant informed the trial court he still wished to complete the program. Appellant was scheduled to be released from jail in December 2006. The trial court stayed the matter until July 6, 2007, again giving Appellant time to complete the anger management program.

**{¶4}** On July 20, 2007, Appellant filed a motion to dismiss, alleging the trial court lacked subject matter jurisdiction to entertain the State's prosecution as a criminal

complaint had never been filed. Appellant further argued the temporary protection order was void or unenforceable as a result.

{¶5} The trial court conducted a hearing on the motions on June 9, 2008. Via Judgment Entry filed the same day, the trial court overruled Appellant's motion to dismiss. The trial court then proceeded to enter a finding of guilty on Appellant's plea, sentenced him to ten days in jail, and imposed a fine of $50.00. The trial court suspended the jail time and fine as Appellant was serving a fifteen-year sentence in a state correctional facility imposed after a jury verdict. *See*, *State v. Rouse,* Fifth District Muskingum No. CT2007-0036, 2008-Ohio-2975. The trial court memorialized its finding of guilt and sentence via Judgment Entry filed June 9, 2008.

{¶6} Rouse appealed. This Court vacated the conviction and sentence as well as the temporary protection order. *City of Zanesville v. Rouse*, Fifth District Muskingum No. CT08–0035, 2009–Ohio–2689. The City appealed. The Ohio Supreme Court reversed our decision and reinstated the judgment of the trial court. *City of Zanesville v. Rouse*, 126 Ohio St.3d 1, 20120-Ohio-2218, 929 N.E.2d 1044. Via Reconsideration Entry filed August 17, 2010, the Ohio Supreme Court remanded the matter to this Court "for consideration of [Rouse's] assignments of error held to be moot." *State v. Rouse*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260.

***Fifth District Muskingum Case No. CT08-0035, after remand from the Ohio Supreme Court***

{¶7} This court overruled Appellant's assignments of error relative to the trial court's failure to dismiss the complaint for lack of a time-stamp, violation of Appellant's

speedy trial rights and Appellant's contention that he was denied his right to counsel and not advised of his rights under Crim. R. 11 and Crim. R. 44 before entering his plea.

### *Muskingum County Court of Common Pleas, Case No. CR2007-0012*

{¶8} Appellant was convicted after a jury trial in the Muskingum County Court of Common Pleas for one count of Aggravated Burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of Violation of a Protection Order, in violation of R.C. 2919.27(A)(1), a felony of the third degree; and one count of Domestic Violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree. See, *State v. Rouse*, Fifth District Muskingum No. CT2007-0012, 2008-Ohio-2975.

{¶9} On May 20, 2007, the trial court conducted a sentencing hearing. Present on behalf of Appellant was trial counsel, Mr. Mortimer and a second attorney Mr. Rodier. Both attorneys stood with Appellant during sentencing. The trial court sentenced Appellant to a stated prison term of ten (10) years on Count One and to a stated prison term of five (5) years on Count Two, said sentences to be served consecutive to one another for an aggregate prison sentence of fifteen (15) years. In addition, Appellant received a sentence of six (6) months on Count Three, said sentence to be served concurrent to the other charges. Appellant was also ordered to pay the costs of his prosecution and to pay restitution to his victims.

{¶10} On June 4, 2007, two separate appeals were filed on behalf of Appellant. The first appeal was filed by Elizabeth Gaba and assigned Case No. CT2007-0036. Cole Gerstner, who had been appointed to represent Appellant upon appeal by the trial court, filed the second appeal. This appeal was assigned Case No. CT2007-0037. Upon being advised of the conflict, Mr. Gerstner filed a Motion to Withdraw as appellate

counsel with this Court. By entry dated June 25, 2007, this Court granted Mr. Gerstner's Motion to Withdraw and sua sponte dismissed Case No. CT2007-0037.

{¶11} This Court affirmed Appellant's convictions and sentences.

***Petition for Post Conviction Relief***

{¶12} On January 9, 2008, Appellant, through counsel, filed a Petition for Post-Conviction Relief. No action had been taken on the record in that case.

{¶13} On May 2, 2013, Appellant filed a Petition for Post-Conviction Relief in the Muskingum County Court of Common Pleas. In this petition, Appellant set forth six (6) issues:

Petitioner trial/appellate attorney failed to investigate the underlying Municipal Court case and counsels performance ineffectiveness violated Petitioners right to effective assistance of counsel under the Sixth Amendment and his Fourteenth Amendment of United States Constitution. [SIC]

Petitioner Trial Attorney had Knowledge Complaint failed to charge offense deprived Defendant of Constitutional Rights under the Sixth and Fourteenth Amendment as well as Section I Article 10 Ohio Constitution to be informed Nature of Accusation against him therefore ineffective assistance an Due Process occurred [SIC]

Petitioner Trial Counsel Provided ineffective assistance an deprived Petitioner of his Sixth Amendment to Adversarial Testing an to Fourteenth Amendment Due Process [SIC]

Petitioners Trial/Appellate Counsel provided deficient performance in the investigation of the underlying Municipal Court case. As such counsels ineffectiveness violated petitioners rights to the effective assistance under the sixth and fourteenth amendment of the United States Constitution and Due Process [SIC]

Petitioner Appellate Counsels Provided Ineffective Assistance an Deprived Petitioner of his Sixth Amendment an to Effective Assistance an Fourteenth Amendment Due Process [SIC]

Petitioners Trial Attorney Knew or Should Have Knew Petitioner Plea Was Invalid Therefore Defendants Initial Appearance Was Invalid For Right To Counsel as Such His Constitutional Rights under Sixth and Fourteenth Amendment to Counsel an Due Process Were Violated [SIC]

**{¶14}** By Entry dated July 31, 2013, the trial court denied Appellant's Petition for Post-Conviction Relief without an oral hearing. The Court found that the claims were barred by the doctrine of *res judicata.*

### Assignments of Error

**{¶15}** Appellant raises three assignments of error,

**{¶16}** "I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO ISSUE FINDINDS OF FACT AND CONCLUSIONS OF LAW MANDATED BY OHIO REVISED CODE 2953.21 THEREBY VIOLATING PETITIONERS 5TH, 6TH AND 14TH AMENDMENT DUE PROCESS UNDER U.S. CONSTITION ARTICLE 1 SECTION 10 AND 16 [SIC]

{¶17} "II APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILURE TO ARGUE COMPLAINT FAILED TO CHARGE AN OFFENSE UNDER CRIM. R. 3 AND THEREFORE COURT LACKED SUBJECT MATTER JURISDICTION [SIC].

{¶18} "III. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILURE TO CITED ANY APPLICABLE CASE LAW TO CRIM. R. 44 AND 11 ARGUMENT [SIC].

I.

{¶19} In his first assignment of error, Appellant maintains that the trial court erred in failing to set out detailed findings of fact and conclusions of law when it dismissed his petition for post-conviction relief. We disagree.

{¶20} Pursuant to R.C. 2953.21, if a trial court dismisses a petition for post-conviction relief without a hearing it has to provide findings of fact and conclusions of law as to why the petition was dismissed. *See State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656(1975), paragraph two of the syllabus. The trial court does not need to specifically label the findings of fact and conclusions of law as such in its journal entry, so long as the purpose is served of informing the petitioner of the grounds for denial. *State v. Farley*, 10th Dist. Franklin No. 03AP-555, 2004-Ohio-1781, ¶16.

{¶21} The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. *State v. Foster,* 9th Dist. Summit No. 18169, 1997 WL 626586 (Sept. 24, 1997) at 6, *citing State ex. rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330(19888). In *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910(1982), the Court stated,

The obvious reasons for requiring findings are " * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22, 222 N.E.2d 313. The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

**{¶22}** In the case at bar, we find that the trial court's decision denying Appellant's petition for post-conviction relief satisfies the policy considerations announced in *Mapson.* In this matter, while the trial court did not label a section of its judgment entry as "findings of fact and conclusions of law," the trial court's July 31, 2013 judgment entry adequately addresses Appellant's arguments and explains the trial court's reasons for denying his claims was res judicata. We find that the trial court did provide enough information to apprise Appellant of the reasons it was denying his petition for post-conviction relief.

**{¶23}**  Appellant's first assignment of error is overruled.

II & III

**{¶24}** Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶25} In his second ground for relief, Appellant contends that he was denied effective assistance of appellate counsel because appellate counsel failed to argue the complaint in Muskingum Municipal Court Case No. 06CRB00319 failed to allege the mens rea for the charge of domestic violence. In his third assignment of error, Appellant contends that he was denied effective assistance of counsel because appellate counsel failed to cite any applicable authority pertaining to Appellant's claim in his fourth assignment of error in *State v. Rouse,* Fifth District Muskingum No. CT08-0035, 2011-Ohio-3351 that his plea in Muskingum County Municipal Court case No. 06CRB00319 was constitutionally infirm because of the trial court's failure to adhere to the mandates of Crim. R. 11 and Crim. R. 44. We disagree.

{¶26} At the outset, we note a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason. *State v. Lozier*, 101 Ohio St.3d 161, 166, 2004-Ohio-732, 803 N.E.2d 770, 775(2004), ¶46, [*Citing State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.*, 81 Ohio St.3d 283, 290, 690 N.E.2d 1273(1988)]; *Helvering v. Gowranus*, 302 U.S. 238, 245, 58 S.Ct. 154, 158(1937).

{¶27} In *Morgan v. Eds,* 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, the Ohio Supreme Court observed,

> We adopted App.R. 26(B), effective on July 1, 1993, in the wake of our decision the year before in *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. See 1993 Staff Notes to App.R. 26. In *Murnahan*, we held that "[c]laims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21." Id.

at paragraph one of the syllabus. We based our decision in *Murnahan* on our view that claims of ineffective assistance of appellate counsel should be considered and disposed of in the appellate court where the alleged error occurred, and not in the state's trial courts, where post conviction claims are first raised by Ohio criminal defendants under R.C. 2953.21. In *Murnahan*, we explained that "appellate judges are in the best position to recognize" whether a criminal defendant has received and been prejudiced by the ineffective assistance of appellate counsel. Id. at 65, 584 N.E.2d 1204. Allowing ineffective-appellate-counsel claims to be raised in Ohio trial courts like other postconviction claims "could in effect permit trial courts to second-guess superior appellate courts." Id. Thus, our reasoning in *Murnahan* concerned the appropriate court in which to bring a collateral challenge to the effectiveness of appellate counsel. However, we never suggested that such a collateral challenge, when brought, was part of the initial appeal.

Id., ¶6. Accordingly, a claim of ineffective assistance of appellate counsel is not cognizable in a post-conviction proceeding pursuant to R.C. 2953.21. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204(1992), paragraph one of the syllabus. *State v. Dotson,* Fifth District Richland No. 92-CA-63, 1993 WL 274305(June 30, 1993).

**{¶28}** In the case at bar, the trial court was without jurisdiction to entertain Appellant's claims in his petition for post conviction relief that he was denied effective assistance of appellate counsel.

**{¶29}** Appellant's second and third assignments of error are overruled.

{¶30} Accordingly, the judgment of the Muskingum County Court of Common Pleas, Muskingum County, Ohio is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Farmer, J., concur