[Cite as *Zanesville v. Rouse*, 2014-Ohio-3393.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| CITY OF ZANESVILLE | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2014-0016 |
| RONALD ROUSE, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from Zanesville Municipal
Court, Case No. 06CRB00519

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: August 4, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SCOTT HILLIS                              RONALD T. ROUSE, JR.
Zanesville City Law Director              #549-234
BY SUSAN SMALL                            Box 45699
2806 Bell Street                          Lucasville, OH  45699
Box 2489
Zanesville, OH 43701

*Gwin, J.*

{¶1} Appellant appeals the February 4, 2014 judgment entry of the Zanesville Municipal Court denying his motion to render sentence of June 9, 2008 void for lack of subject matter jurisdiction and to dismiss case for cause shown. Appellee is the City of Zanesville.

*Facts & Procedural History*

*Zanesville Municipal Court Case No. 06CRB00319*

{¶2} On February 27, 2006, appellant Ronald T. Rouse, Jr. was arrested for domestic violence in violation of Zanesville Ordinance 537.14(a). Appellant entered a plea of not guilty at his arraignment on February 28, 2006 and the trial court scheduled the matter for trial on April 5, 2006. The trial court also issued a protection order. Appellant appeared before the trial court on April 13, 2006 and entered a plea of guilty to the charge. The trial court stayed the matter until October 26, 2006, to allow appellant to complete an anger management program.

{¶3} Appellant did not complete the anger management program as he was incarcerated in July of 2006 on unrelated charges, but appellant informed the trial court he still wished to complete the program when he was scheduled to be released in December of 2006. The trial court stayed the matter until July 6, 2007, again giving appellant time to complete the anger management program.

{¶4} On July 20, 2007, appellant filed a motion to dismiss alleging the trial court lacked subject matter jurisdiction because a criminal complaint had never been filed. Appellant further argued the temporary protection order was void or unenforceable as a result. The trial court held a hearing on the motions on June 9, 2008 and, via judgment

entry filed the same day, the trial court overruled appellant's motion to dismiss. The trial court then entered a finding of guilty on appellant's plea, sentenced him to ten days in jail, and imposed a fine of $50.00. The trial court suspended the jail time and fine as appellant was serving a fifteen-year sentence in a state correctional facility imposed after a jury verdict.

{¶5} Rouse appealed. This Court vacated the conviction and sentence as well as the temporary protection order because the complaint was not date-stamped or time-stamped. *City of Zanesville v. Rouse*, 5th Dist. Muskingum No. CT08-0035, 2009-Ohio-2689. The City appealed. The Ohio Supreme Court reversed our decision and reinstated the judgment of the trial court after finding that when a document lacks an endorsement from a clerk of courts indicating it has been filed, the filing may be proved by other means. *City of Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044. Via reconsideration entry filed on August 17, 2010, the Ohio Supreme Court remanded the matter to this Court "for consideration of [Rouse's] assignments of error held to be moot." *State v. Rouse*, 126 Ohio St.3d 1227, 2010-Ohio-3754, 933 N.E.2d 260. This Court overruled appellant's assignments of error relative to the trial court's failure to dismiss the complaint for lack of a time-stamp, appellant's allegation that the trial court violated his speedy trial rights and appellant's contention that he was denied his right to counsel and not advised of his rights under Criminal Rule 11 and Criminal Rule 44 before entering his plea. Appellant filed an application to reopen his appeal pursuant to Appellate Rule 26(B) on September 5, 2013. This Court denied the application to reopen on October 31, 2013. Appellant appealed the denial of his

application to reopen to the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction on March 12, 2014.

*Muskingum County Court of Common Pleas Case No. CR2007-0012*

**{¶6}** Appellant was convicted after a jury trial in the Muskingum County Court of Common Pleas of one count of aggravated burglary, one count of violation of a protection order, and one count of misdemeanor domestic violence. Appellant was sentenced to an aggregate prison term of fifteen (15) years.

**{¶7}** Rouse appealed and argued that he could not be convicted of violating a protection order because the protection order entered into evidence at trial was not time-stamped. Further, that he had ineffective assistance of counsel and that his convictions were obtained by false evidence and false testimony. This Court affirmed appellant's convictions and sentences in *State v. Rouse*, 5th Dist. Muskingum No. CT2007-0036, 2008-Ohio-2975.

*Petition for Post Conviction Relief*

**{¶8}** Appellant filed a petition for post-conviction relief in the Muskingum County Court of Common Pleas. On July 31, 2013, the trial court denied appellant's petition for post-conviction relief without an oral hearing. Rouse appealed and argued the trial court erred by failing to issue findings of fact and conclusions of law; that appellate counsel was ineffective for failing to argue the municipal court complaint failed to charge an offense under Criminal Rule 3 and therefore the court lacked subject matter jurisdiction; and that appellate counsel was ineffective for failing to cite any applicable case law to the Criminal Rule 44 and Criminal Rule 11 argument. This Court affirmed the trial court's order denying appellant's petition for post-conviction relief,

finding claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21.  *State v. Rouse*, 5th Dist. No. CT2013-0043, 2014-Ohio-483.

*Motion to Render Sentence of June 9, 2008 Void for Lack of Subject Matter*

*Jurisdiction and to Dismiss the Case for Cause Shown*

**{¶9}**   On July 22, 2013, appellant filed a motion in the Zanesville Municipal Court to render the sentence of June 9, 2008 void for lack of subject matter jurisdiction and to dismiss the case for cause shown.  In his motion, appellant states that he never submitted voluntarily to the jurisdiction of the court and moved the court to void the sentence rendered and dismiss the case pursuant to Criminal Rule 48.  On February 14, 2014, the trial court denied the motion.

**{¶10}** Appellant appeals the trial court's February 14, 2014 judgment entry and assigns the following as error:

**{¶11}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY LITIGATING A MATTER WHICH THE TRIAL COURT DID NOT ENJOY SUBJECT-MATTER JURISDICTION UNDER CRIM. R. 3.

**{¶12}** "II. THE PROSECUTOR USED FALSE EVIDENCE AND TESTIMONY TO GAIN A CONVICTION ON COMPLAINT THE TEMPORARY PROTECTION ORDER: THEREFORE PROSECUTORIAL MISCONDUCT OCCURRED.

**{¶13}** "III. [THE] PROSECUTOR KNEW AT ALL TIMES [THE] COMPLAINT FAILED TO CHARGE AN OFFENSE.

{¶14} "IV. DEFENDANT'S PLEA IS VOID DUE TO [THE] COURT'S FAILURE TO COMPLY WITH CRIM. R. 5 AND 10 MANDATE UPON AN UNCOUNSELED PLEA UNDER CRIM. R. 11.

{¶15} "V. THE TRIAL COURT ABUSED ITS DISCRETION BY DISREGARDING STATUTORY REQUIREMENTS DUE TO LACK OF SUBJECT MATTER JURISDICTION AND THE SENTENCE IS CONTRARY TO LAW."

I. & V.

{¶16} In appellant's first and fifth assignments of error, appellant contends the Zanesville Municipal Court lacked subject matter jurisdiction over the charge of domestic violence because the complaint failed to include the requisite mens rea ("knowingly") for domestic violence pursuant to City of Zanesville Ordinance Number 537.14(a).

{¶17} In this case, appellant did not timely object to the complaint and pled guilty to the offense. There was no jury impaneled and therefore no argument was made alleging this was a strict liability offense nor was a jury improperly instructed. Appellant failed to object to the complaint and pled guilty to the offense and therefore failed to preserve his claim that the complaint against him was defective. See *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 304; Criminal Rule 12(C)(2). Appellant also failed to object to the complaint with regards to the mens rea at his sentencing hearing approximately two years after his initial plea and failed to raise the issue regarding the mens rea in his direct appeal. Pursuant to the Ohio Supreme Court's decision in *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, because appellant did not timely object to the defect in the complaint, appellant

waived all but plain error and this Court may analyze the error in this case pursuant to the Criminal Rule 52(B) plain error analysis.

{¶18} Criminal Rule 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Notice of plain error under Criminal Rule 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of injustice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). In order to find plain error, it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. *Id.* Thus, the defendant bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings. *U.S. v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 759 N.E.2d 1240 (2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Furthermore, a defendant cannot take advantage of an error that he invited through the plea negotiations. *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920.

{¶19} The purpose of the complaint is to inform the defendant of the elements of the crime being charged. *State v. Echemendia*, 6th Dist. No. OT-95-059, 1996 WL 475994 (Aug. 23, 1996). Further, R.C. 2935.26 provides that a citation for a minor misdemeanor shall include a "description of the offense and the numerical designation

of the applicable statute or ordinance." *State v. Newell*, 6th Dist. No. E-08-064, 2009-Ohio-1816.

**{¶20}** Appellant argues because the complaint fails to include the culpable mental state of "knowingly" this count fails to charge an offense and is fatally defective. The Ohio Supreme Court has held that when an indictment fails to charge a mens rea element of the crime, but tracks the language of the statute describing the offense, the indictment provides the defendant with adequate notice of the charges against him and is therefore, not defective. *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26. The Ohio Supreme Court reasoned that a "criminal offense must be charged with reasonable certainty in the indictment so as to apprise the defendant of that which he may expect to meet and be required to answer; so that the court and jury may know what they are to try, and the court may determine without unreasonable difficulty what evidence is admissible." *Id.* In *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, the Supreme Court reiterated its holding in *Horner* and found that such an indictment is "sufficient to provide the defendant with adequate notice of the charges against him." *Id.*

**{¶21}** In this case, though the complaint omitted the mens rea in the description of the facts in the complaint, it provided a description of the prohibited conduct that tracks the language of Zanesville Ordinance Number 537.14(a), the ordinance describing the offense of domestic violence. The complaint also provided the number and subsection of the ordinance (537.14(a)) that corresponds with the correct description of the prohibited conduct that expressly identifies the elements of the offense, including the mens rea of knowingly. Thus, the complaint properly notified and

provided adequate notice to appellant of the charge against him. See *State v. Brown*, 2nd Dist. Greene No. 10CA0044, 2011-Ohio-1124.

**{¶22}** In addition, under the circumstances at bar, there is nothing in the record to show that appellant was prejudiced. When appellant decided to plead guilty, he did so knowing he would have the opportunity to take part in a diversion program of anger management in lieu of jail time or a fine and would not be sentenced unless he failed to complete the anger management program. The trial court twice stayed the case for appellant to complete the anger management program in lieu of sentencing him. Appellant thus twice had the ability to complete the anger management program, which was the agreed-upon result when he pled guilty. It was only when appellant, after two continuances, failed to complete the anger management program that the trial court imposed, and also immediately suspended, the sentence of ten (10) days and a fine of $50.00. Further, prior to the imposition of sentence that occurred much later (June 8, 2008) than his initial plea of guilty (April 13, 2006), appellant had the opportunity, through counsel, to note any defects in the complaint. However, he did not. Any error in the complaint in failing to specify the mens rea was harmless. *State v. Bickel*, 5th Dist. Fairfield No. 13-CA-44, 2014-Ohio-1718.

**{¶23}** The complaint in this case was sufficient to inform appellant that he was charged with a violation of Zanesville Ordinance Number 537.14(a) and appellant was not prejudiced by the failure to include the mens rea in the description of the facts contained in the complaint. Appellant's first and fifth assignments of error are overruled.

II., III., IV.

**{¶24}** As to the balance of appellant's assignments of error, a review of the record in this matter establishes that appellant did not raise these issues in his July 22, 2013 motion to the trial court. Accordingly, we find these issues are not properly before this Court as appellant's appeal deals solely with the trial court's judgment entry on that motion. *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990).

**{¶25}** Further, even if these issues were properly before this Court, we find appellant either raised or could have raised these arguments during his direct appeal. Accordingly, such arguments are barred under the doctrine of res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits [that] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Appellant's second, third, and fourth assignments of error are overruled.

{¶26} Based on the foregoing, we overrule appellant's assignments of error.

The February 4, 2014 judgment entry of the Municipal Court of Zanesville is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Farmer, J., concur