[Cite as *Grimm v. Lynch*, 2011-Ohio-5189.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96712

## ROBERT GRIMM

PLAINTIFF-APPELLANT

vs.

## BRIAN LYNCH, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-744331

**BEFORE:**   Keough, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   October 6, 2011

**FOR APPELLANT**

Robert L. Grimm, pro se
510 Locklie Drive
Highland Heights, OH 44143

**ATTORNEY FOR APPELLEES**
**BRIAN LYNCH AND JOHN RUSNOV**

Frank J. Groh-Wargo
Frank J. Groh-Wargo Co., LPA
2 Berea Commons, Suite 215
Berea, OH 44017

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 463 N.E.2d 655; App.R. 11.1(E).

{¶ 2} Plaintiff-appellant, Robert Grimm ("Grimm"), appeals the trial court's decision granting the motion to dismiss his complaint filed by defendants-appellees, Brian

Lynch ("Lynch") and John Rusnov ("Rusnov") (collectively "appellees"). Donald Mull ("Mull") was also named as a defendant in the complaint.[1]

{¶ 3} The facts of this case arise from an appraisal conducted by defendants for the purpose of a sheriff's sale of Grimm's property in connection with a foreclosure action pending in Cuyahoga County Court of Commons Pleas case number CV-609684 ("foreclosure case").

{¶ 4} In February 2010, the plaintiff in the foreclosure case, Parkview Federal Savings, ordered the Clerk of Courts to refer Grimm's property to sheriff's sale, and the Clerk issued an order of sale in March 2010. In April, three appraisers (not defendants) assessed the value of Grimm's property at $300,000. Grimm moved to reject the land appraisal. That appraisal was subsequently rendered moot when Grimm filed for bankruptcy. After the bankruptcy stay, Parkview again directed Grimm's property to sheriff's sale. The Clerk issued an order of sale with reappraisal in October 2010. The county appointed three different real estate appraisers — appellees and Mull — to assess the value of Grimm's property. They also appraised the property at $300,000. Grimm moved to reject this appraisal in November.

{¶ 5} Prior to the hearing on his motion, the sheriff sold the property for the minimum bid of $200,000. On December 27, 2010, Grimm then filed his complaint in

---

[1]Mull did not file an answer to Grimm's complaint with the trial court, nor has he entered an appearance in the appeal before this court.

this action, maintaining that the defendants knowingly appraised his property lower than its true value and thus caused him damages. Lynch and Rusnov moved for dismissal.

{¶ 6} In the foreclosure case, the court granted Grimm's motion to stay confirmation of sheriff's sale pending a ruling on his motion to reject the appraisal. A hearing on the motion was held on March 22, 2011. However, on March 25, 2011, the trial court in this case granted appellees' motion to dismiss.

{¶ 7} Grimm now appeals, raising two assignments of error.

{¶ 8} In his first assignment of error, Grimm contends that the trial court erred in dismissing the case. Appellees moved to dismiss Grimm's complaint pursuant to Civ.R. 12(B)(1), (2), and (6).

{¶ 9} Under our de novo standard of review, we find that dismissal was proper under Civ.R. 12(B)(1), lack of subject matter jurisdiction. *Brown v. Bur. of Workers' Comp.*, Cuyahoga App. No. 96209, 2011-Ohio-3695, ¶7; *Herakovic v. Catholic Diocese of Cleveland*, Cuyahoga App. No. 85467, 2005-Ohio-5985.

{¶ 10} The standard for the trial court to apply to a dismissal motion made pursuant to Civ.R. 12(B)(1) is whether the plaintiff has alleged any cause of action that the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414.

{¶ 11} In this case, the subject of Grimm's complaint was already in dispute in the foreclosure case, thus invoking the jurisdictional-priority rule. This "rule applies even when the causes of action are not the same if the suits present part of the same 'whole

issue.'" *State ex rel. Otten v. Henderson*, ___ Ohio St.3d ___, 2011-Ohio-4082, ___ N.E.2d ___, ¶29, citing *State ex rel. Sellers v. Gerken* (1995), 72 Ohio St.3d 115, 117, 647 N.E.2d 807; see, also, *John Weenink & Sons Co. v. Cuyahoga Cty. Court of Common Pleas* (1948), 150 Ohio St. 349, 82 N.E.2d 730. Grimm's complaint and the motion to reject filed in the foreclosure case involved the same issue: whether the appraisal by appellees and Mull was in conformity with Chapter 2329 of the Revised Code. The issue of the lawfulness of the appraisal was already under the jurisdiction of the foreclosure case when Grimm filed his complaint against appellees and Mull.

{¶ 12} Finally, although only Lynch and Rusnov moved for dismissal, we find that lack of subject matter jurisdiction applies equally to Mull because all three defendants appraised Grimm's property.

{¶ 13} Having concluded dismissal was proper for lack of subject matter jurisdiction, we need not address the other grounds for dismissal raised in the trial court. Accordingly, Grimm's first assignment of error is overruled.

{¶ 14} In Grimm's second assignment of error, he contends that the trial court erred in not setting forth any facts or conclusions to afford meaningful appellate review when it granted appellees' motion to dismiss. It is well settled that the trial court has no obligation to issue a written opinion when granting a Civ.R. 12 motion to dismiss. *Kovacs v. Aetna Life Ins. Co.* (Apr. 21, 1994), Cuyahoga App. No. 65295, citing *Vrabel v. Vrabel* (1983), 9 Ohio App.3d 263, 459 N.E.2d 1298. Dismissal of a complaint in response to a Civ.R. 12 motion without explanation does not violate the due process and

due course of law provisions of the federal and state constitutions. *Vrabel* at 272.

Accordingly, Grimm's second assignment is overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR