[Cite as *Allen v. Bryan*, 2013-Ohio-1917.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| JOHN ALLEN, | : | Case No. 12CA15 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| LISA BRYAN,[1] | : | |
| fka, LISA ALLEN | : | **RELEASED 05/06/13** |
| | : | |
| Defendant-Appellee. | : | |

_____

APPEARANCES:

John Allen, Nelsonville, Ohio, pro se.

_____

Harsha, J.

{¶1}   John Allen appeals the trial court's judgment dismissing his complaint for failing to state a cause of action.  Allen contends that the trial court erred by dismissing his complaint alleging breach of marital contract because such a cause of action exists in Ohio.  We disagree and because he cites no legal authority to support his claim, we find that dismissal of his complaint was appropriate.

{¶2}   He also claims that the trial court erred by dismissing his complaint before he could to complete discovery.  Nevertheless, because the trial court only looks at the face of the complaint to decide a Civ.R. 12(B)(6) motion to dismiss, we reject this argument.

{¶3}   Finally Allen argues that the trial court should have given him notice of its intent to dismiss his complaint and also given him an opportunity to amend it.  However,

_____

[1] Lisa Bryan has not entered an appearance or otherwise participated in this appeal.

Lisa Bryan's answer and motion to dismiss gave Allen notice that his complaint may be subject to dismissal. In spite of Bryan's motion, Allen never filed a motion for leave to amend the complaint with the trial court pursuant to Civ.R. 15(A). Therefore, his arguments are meritless and we affirm the trial court's judgment.

## I. FACTS

{¶4}   John Allen and Lisa Bryan were married on July 7, 2007, and subsequently granted a divorce in February 2012. Thereafter, Allen filed a complaint for breach of contract based on the parties' marital vows and requested actual and punitive damages. Bryan filed an answer to Allen's complaint, in which she asserted various defenses, including failure to state a claim upon which relief can be granted. At the same time, Bryan also filed a "Motion to Dismiss/Motion for Judgment Upon the Pleadings" pursuant to Civ.R. 12(B)(6) and 12(C) asking the court to dismiss Allen's complaint because Ohio does not recognize a cause of action for breach of marital contract. After Allen filed a "Brief in Opposition to Defendant's Defenses", the trial court entered a judgment granting Bryan's motion to dismiss without explanation. Allen now appeals the trial court's dismissal of his complaint.

## II. ASSIGNMENTS OF ERROR

{¶5}   Allen raises two assignments of error for our review:

1.  "Denial of Due Process."

2.  "Abuse of Discretion."

## III. LAW AND ANALYSIS

{¶6}    Allen claims that the trial court erred by granting Bryan's motion to dismiss his complaint for several reasons.  First he claims that despite Bryan's assertions otherwise, Ohio recognizes a cause of action for breach of marital contact.

### A. Standard of Review

{¶7}    A trial court's decision to dismiss a plaintiff's complaint pursuant to Civ.R. 12(B)(6) presents a question of law that we review de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. *See also Bartley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. No. 12CA13, 2013-Ohio-279, ¶ 11.  When deciding a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, trial courts must presume all factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5.  Dismissal is proper only if it appears from the face of the complaint that the plaintiff can prove no set of facts that would entitle him or her to relief. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6.

{¶8}    To support his first assignment of error, Allen cites *Caldwell v. Spillman*, 7 West.L.J. 149, 1 Dec. Re. 308 (1849), and *Cook v. Mozer*, 108 Ohio St. 30, 140 N.E. 590 (1923), contending that "it has been *long held* in Ohio that there *is* a cause of action for Breach of Marital Contract." (Emphasis sic.)  However, neither case stands for the proposition of law that he proposes.  In *Caldwell*, the plaintiff brought suit based on breach of promise to marry.  This cause of action is distinct from breach of marital contract, and has since been abolished by R.C. 2305.29.  In *Cook*, the court dealt with the issue of property division in a divorce action.  Again this differs from Allen's civil

action for breach of marital contract in this case.  Thus, neither *Caldwell* nor *Cook* supports his claim that Ohio recognizes breach of marital contract as a cause of action.

{¶9}    "While there are certain contractual aspects to marriage – i.e., certain ante-nuptial and separation agreements may be enforceable on contract grounds – the marriage relation itself is a contract only metaphorically.  It is more properly understood as consensual status sanctioned by law * * *.  To apply the rules of ordinary commercial contracts to the marriage contract runs against sound public policy."  *Wischmeier v. Wischmeier*, 8th Dist. Nos. 44915, 44963, 1983 WL 5773, *5.  Rather, "[t]he proper remedy for breach of the marriage contract is divorce, not damages."  *Id.*  Accordingly, we disagree with Allen that Ohio recognizes a cause of action for breach of marital contract.

{¶10}    Here, Allen stated in his complaint that he and Bryan entered into a contract on July 7, 2007, and "obligated themselves to 'love, honor and support one another for better or for worse, for richer or for poorer, in sickness and in health, as long as we both shall live.'"  He alleged that Bryan breached the contract by both "physically attack[ing]" and "verbally abus[ing]" him.   Thus, it is clear from the face of his complaint that he is alleging a breach of marital contract.  Even taking the facts alleged in his complaint as true and making all reasonable inferences in his favor, it is clear he can prove no set of facts which would entitle him to relief.  Accordingly, the trial court did not err by dismissing his complaint.

{¶11}    Allen also asserts that he was denied due process because the trial court dismissed his complaint before he was able to complete discovery.  He claims if he had "been allowed to complete discovery requests, in all probability, [he] would have been

able to file a successful motion for summary judgment."  Moreover, he claims that Bryan's answer to his complaint was untruthful and he would have been able to prove this through further discovery.

{¶12}  However, when deciding a Civ.R. 12(B)(6) motion to dismiss the trial court only looks at the face of the complaint to decide whether it states a cause of action. Civ.R. 12(B).  Thus, any issues Allen raises about discovery or Bryan's answer are irrelevant and we overrule his first assignment of error.

### B. Notice and Opportunity to Amend the Complaint

{¶13}  Allen argues in his second assignment of error that the trial court erred by dismissing his complaint without giving him notice or explaining why his complaint was deficient.  However, Bryan's answer and motion to dismiss gave Allen notice that his complaint may be dismissed.   And "[i]t is well settled that the trial court has no obligation to issue a written opinion when granting a Civ.R. 12 motion to dismiss. * * * Dismissal of a complaint in response to a Civ.R. 12 motion without explanation does not violate the due process and due course of law provisions of the federal and state constitutions." *Grimm v. Lynch*, 8th Dist. No. 96712, 2011-Ohio-5189, ¶ 14.  Although Allen cites to cases that he claims show a trial court must first advise the parties of its intent to dismiss the complaint, none of these cases deal with a dismissal pursuant to Civ.R. 12(B).  Rather, these cases deal with a court's sua sponte dismissal, which is not the case here.

{¶14}  Allen also claims that the trial court erred by dismissing his complaint without giving him an opportunity to amend it.  However, Civ.R. 15(A) provides that after a responsive pleading has been filed "a party may amend his pleading only by leave of

court or by written consent of the adverse party." And because the record shows that he never filed a motion for leave to amend the complaint after Bryan filed her answer, there was no error. Accordingly we also reject these arguments and overrule his second assignment of error.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
         William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**