[Cite as *Starkey v. Shoop*, 2021-Ohio-564.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| DONALD STARKEY, | : | |
| | : | Case Nos. 20CA3705 |
| Petitioner-Appellant, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| TIMOTHY SHOOP, Warden, | : | |
| | : | |
| Respondent-Appellee. | : | **RELEASED: 02/26/2021** |

_____
<u>APPEARANCES:</u>

Donald Starkey, Appellant, Pro Se.

Jeri Fosnaught, Assistant Attorney General, for Appellee.
_____

Wilkin, J.

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment entry that dismissed Appellant, Donald Starkey's, petition seeking a writ of habeas corpus. After our review of the record and the applicable law, we affirm the trial court's judgment.

BACKGROUND

{¶2} On May 29, 2014, the State charged Appellant with six counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04 and three counts of sexual imposition in violation of R.C. 2907.06. *State v. Starkey*, 4th Dist. Licking No. 14-CA-92, 2015-Ohio-3115, ¶ 1. On September 3, 2014, Appellant pled guilty to three counts of unlawful sexual conduct and three counts of sexual imposition involving a thirteen-year-old victim. Three weeks later, he filed a motion to withdraw his plea arguing that "shortly after his guilty plea, the

[Appellant], after giving much thought to the situation, decided that he did not want to proceed with sentencing, and, in the alternative, would like to go to trial, as he strongly feels he is not guilty to the charges herein." However, at the hearing two days later, Appellant decided not to withdraw his guilty plea. During this hearing, the following exchange occurred:

> THE COURT: Good morning. This is Case No.2014 CR 433, the State of Ohio versus Donald Starkey. The record should reflect the Defendant is present here in open court represented by counsel, Mr. Wolfe; counsel for the State is present, Ms. Sawyers; representative of Adult Court Services is present, Mr. Burke. I think we're here today scheduled for an oral hearing on a motion to withdraw a guilty plea, I believe. What's your pleasure, Mr. Wolfe?
>
> MR. WOLFE: Thank you, Your Honor. At this point, after careful consideration, Mr. Starkey has determined that he would like to withdraw his motion to withdraw his guilty plea. He will participate in a presentence investigation with Adult Court Services and we're set for sentencing on October 13th. I believe Mr. Burke from Adult Court Services has indicated that he will still be able to complete the presentence investigation for the Court by that date, so then we would be good to stay with October 13th.
>
> THE COURT: Is that your plan, Mr. Starkey?
>
> DEFENDANT: Yes.
>
> THE COURT: Okay. Well then we'll keep on schedule then.
>
> *Starkey*, 4th Dist. Licking No. 14-CA-92, 2015-Ohio-3115, ¶ 10.

On October 13th, the trial court imposed an aggregate nine-year prison term.

{¶3} On appeal, Appellant raised two assignments of error: (1) "the trial court committed harmful error in failing to fully inquire into Defendant-Appellant's request to withdraw his previously entered guilty pleas," and (2) "the sentencing

of Appellant was in error." *Id.* at ¶ 6,7.  With regard to Appellant's first

assignment of error, the court of appeals stated:

> During the hearing, appellant was represented by counsel who
> indicated appellant wished to withdraw his motion and proceed
> with the presentence investigation. When specifically asked,
> appellant agreed that was his plan.  Appellant then cooperated
> with the presentence investigation, and during the over two week
> period through sentencing, did not deny his guilt.  *Id.*, ¶ 11.

The court of appeals then concluded: "Upon review, we do not find that the trial

court failed to fully inquire." *Id.*, ¶ 12.  The court of appeals also overruled

Appellant's second assignment of error, and, on July 31, 2015, issued a

judgment affirming the trial court's judgment of conviction. *Id.*, ¶ 20, 21.

{¶4} More than four years later, on February 27, 2019, Appellant, acting

pro se, filed a "motion to vacate void plea." Appellant's brief stated that he "still

maintains his innocence," argued that his "counsel and the court failed to

properly advise him of the penalties associated with the guilty plea," and "the

court did not explain the registration requirements of Tier II sex offenders,"

thereby rendering his plea in violation of Crim.R. 11, i.e. his plea was not

knowingly, voluntarily or intelligently entered. On April 29, 2019, the trial court

dismissed Appellant's motion, finding it was an untimely filed petition for post-

conviction relief.

{¶5} On December 17, 2019, Appellant filed a petition in the Ross County

Court of Common Pleas for a writ of habeas corpus to compel the Appellee,

Timothy Shoop, the Warden, to release him from prison.  Appellee filed a Civ.R.

12(B)(6) motion to dismiss Appellant's petition.

{¶6} On February 4, 2020, the trial court issued a judgment granting Appellee's motion, dismissing Appellant's petition. The trial court reasoned that habeas corpus was not cognizable because: (1) Appellant had a remedy in the ordinary course of the law, (2) Appellant was not entitled to immediate release from prison, (3) Appellant failed to comply with R.C. 2969.25(A), and (4) Appellant failed to comply with R.C. 2969.25(C)(1). It is from this judgment that Appellant appeals, asserting four "issues," which we will treat as assignments of error. Because each "assignment" is resolved on the same or similar grounds, we will address all four assignments of error together.

## ASSIGNMENTS OF ERROR

I.     IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO RULE AGAINST PRECEDENT

II.    IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO NOT GIVE A COMPLETE REVIEW OF PETITION

III.   THE TRIAL COURT COMMITTED PLAIN ERROR IN DENYING PETITIONER'S PETITION

IV.    THE PETITIONER WAS DENIED EQUAL TREATMENT & PROTECTION UNDER THE LAW IN VIOLATION OF HIS RIGHTS UNDER THE 5TH, 6TH, & 14TH AMENDMENTS OF THE UNITED STATES CONSTITIUTION WHEN THE TRIAL COURT IGNORED HIS MOTION FOR EXTENSION OF TIME

{¶7} In his first assignment of error, Appellant argues the trial court abused its discretion by not following precedent that required the trial court to inform him regarding sexual offender registration obligations, which he alleges violated Crim.R. 11, i.e. his plea was not knowing, intelligent, or voluntary. In his second assignment of error, Appellant alleges that the trial court abused its discretion by failing to fully consider his motion to withdraw his guilty plea. In his

third assignment of error, he asserts that the trial court committed plain error by not granting his petition because he is factually innocent.  Lastly, Appellant alleges that he was denied his right to equal protection when the trial court denied his motion for an extension of time to reply to the Appellee's motion to dismiss.

{¶8} In response, the Appellee argues that Appellant's claims are not cognizable in a habeas action because he had an adequate remedy in the ordinary course of the law, Appellant is not entitled to immediate release from prison, Appellant failed to comply with R.C. 29269.25 when he filed his habeas action, and the trial court's decision denying his motion for an extension of time to respond is within the trial court's discretion. Therefore, the Appellee argues because Appellant's claims are not cognizable in a habeas action, the trial court's judgment should be affirmed.

LAW

1.  Standard of Review

{¶9} A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Smith v. Sheldon*, 157 Ohio St. 3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 5, quoting *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

Appellate review of a dismissal for failure to state a claim is de novo.  *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan,* 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7.  This means the

reviewing court "affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Id.*, citing *McDill v. Sunbridge Care Ents., Inc.,* 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618, at ¶ 10.

2. Habeas Corpus

**{¶10}** "Habeas corpus petitions are governed by R.C. [Chapter] 2725." *Steele v. Jenkins*, 4th Dist. Ross No. 18CA3630, 2018-Ohio-4103, ¶ 9. "A habeas corpus petition is available to any person who is 'unlawfully restrained of his liberty * * * to inquire into the cause of such imprisonment, restraint, or deprivation.' " *Hinton v. Shoop*, 4th Dist. Ross No. 17CA3619, 2018-Ohio-3647, ¶ 11, quoting R.C. 2725.01. "[T]he petitioner has the burden of establishing his right to release." *Id.* ¶ 12, citing *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). "[I]f the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Id.*, citing *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609, 653 N.E.2d 659 (1995).

**{¶11}** " ' "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." ' " *Lloyd v. Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 19, quoting *Billiter v. Banks,* 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8, quoting *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. " 'An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ.'

" *State v. Bradford*, 4th Dist. Ross No. 17CA3613, 2018-Ohio-1907, ¶ 10, quoting *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8. "The fact that a direct appeal may no longer be available to [a petitioner] does not render the legal remedy inadequate or thereby entitle [the petitioner] to the extraordinary writ of habeas corpus." *State v. Jenkins* 4th Dist. Ross No., 18CA3630, 2018-Ohio-4103, ¶ 10, citing *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9.

{¶12} A successful habeas "petitioner must be able to establish that his present incarceration is illegal because the trial court that rendered the conviction lacked jurisdiction over the criminal case." *Jenkins*, at ¶ 9, citing R.C. 2725.05. But, "habeas corpus is not the proper mode of redress where the petitioner has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction." *Pollock v. Morris*, 35 Ohio St. 3d 117, 117-118, 518 N.E.2d 1205 (1988). If "the petitioner asserts that the trial court committed non-jurisdictional errors in the underlying case, the errors can be adequately reviewed in a direct appeal of the conviction and the habeas corpus petition is subject to dismissal." *Jenkins* 4th Dist. Ross No., 18CA3630, 2018-Ohio-4103, ¶ 9, citing *State ex rel. Harsh v. Sheets*, 132 Ohio St.3d 198, 2012-Ohio-2368, 970 N.E.2d 926; *State ex rel. Shackleford v. Moore*, 116 Ohio St. 3d 310, 2007-Ohio-6462, 878 N.E.2d 1035. For example, "the issue of whether [a petitioner] made an intelligent, knowing, and voluntary guilty plea is a matter to be resolved by motion to withdraw the guilty plea, direct appeal, or postconviction proceedings, rather than in habeas corpus." *Douglas v. Money*, 85 Ohio St. 3d

348, 349, 1999-Ohio-381, 708 N.E.2d 697 (1999), citing *Morris*, 35 Ohio St.3d at 117-118, 518 N.E.2d 1205 (1988). Therefore, "allegations concerning the validity of [a petitioner's] plea are not legally sufficient to delineate a feasible claim for a writ of habeas corpus." *Lopez v. Gansheimer,*11th Dist. Ashtabula No. 2006-A-0014, 2007-Ohio-472, ¶ 7.

### 3. R.C. 2969.25

**{¶13}** R.C. 2969.25(A) requires an inmate who files a civil action to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." And if the inmate "seeks a waiver of the prepayment of the full filing" * * * the inmate shall file * * * an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency" pursuant to R.C. 2969.25(C). " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *Ohio Atty. Gen. v. Brock*, 4th Dist. Hocking No. 14CA19, 015-Ohio-4173, ¶ 17, quoting *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1. A petition seeking a writ of habeas corpus is a civil action to which R.C. 2969.25(A) applies. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 6.

### ANALYSIS

### 1. R.C. 2969.25

**{¶14}** We begin our analysis by considering the procedural requirements of R.C. 2969.25. Appellant did not comply with either requirement of R.C.

2969.25 in filing his petition in the trial court.  This alone justified the trial court's dismissal of his petition.  *Brock*, 4th Dist. Hocking No. 14CA19, 015-Ohio-4173, ¶ 17.

2.Habeas Corpus

**{¶15}** First, it is axiomatic that a common pleas court has original jurisdiction in felony cases. *Click v. Eckle,* 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962), citing R.C. 2931.03.  Consequently, the trial court had jurisdiction to deny Appellant's request for an extension of time, accept Appellant's plea, find him guilty, and impose sentence.  Accordingly, Appellant's petition for a writ of habeas was not cognizable because the trial court had jurisdiction over his criminal case.  *Morris*, 35 Ohio St. 3d at 117-118, 518 N.E.2d 1205 (1988).

**{¶16}** Second, Appellant had remedies in the ordinary course of the law in which he raised, or could have raised, the issues that he asserts in his assignments of error.  Appellant did raise the issue of whether the trial court properly reviewed his motion to withdraw his guilty plea in the direct appeal. *Starkey*, 4th Dist. Licking No. 14-CA-92, 2015-Ohio-3115.  Appellant could have raised an actual innocence claim in the trial court. *State v. Turner*, 4th Dist. Scioto No. 01CA2786, 2001-Ohio-2636 ("Actual innocence is normally contested at trial and direct appeal on the basis of the weight or sufficiency of admissible evidence.").  Therefore, because Appellant had a remedy in the ordinary course of the law by way of a direct appeal in which he raised, or could have raised, these arguments, his habeas petition was not cognizable. *Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 19.

**{¶17}** Third, with regard to his assignment of error regarding his request for an extension of time, such a decision is typically within a trial court's discretion.  See e.g. *State v. Toliver*, 4th Dist. Athens No. 19CA3, 2019-Ohio-3669, ¶ 22.  Even assuming arguendo that the trial court abused its discretion in denying Appellant's motion for extension of time, it would not render Appellant's imprisonment unlawful. Consequently, Appellant's petition for a writ of habeas corpus fails to state a claim upon which relief could be granted justifying its dismissal.  *Shoop,* 4th Dist. Ross No. 17CA3619, 2018-Ohio-3647, ¶ 11.

**{¶18}** Finally, we have recognized that a claim of ineffective assistance of counsel is not cognizable in habeas corpus.  See *Shuster v. Jenkins*, 4th Dist. Ross No. 2016-Ohio-4676, ¶ 11, citing *Bozsik v. Hudson,* 110 Ohio St.3d 245, 2006–Ohio–4356, 852 N.E.2d 1200, ¶ 7.

## CONCLUSION

**{¶19}** Because the trial court had jurisdiction to entertain Appellant's case, Appellant had a remedy in the ordinary course of the law by way of an appeal to address the issues that he raises here, and because he is not entitled to immediate release from prison, we find that there is no set of facts that entitled Appellant to the extraordinary relief of a writ of habeas corpus.  Therefore, we affirm the trial court's judgment that dismissed Appellant's petition.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY:    _____
Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**