[Cite as *Billman v. Fredericks*, 2021-Ohio-2435.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| David Billman, | : | Case No. 20CA19 |
| | : | |
| Petitioner-Appellant, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Mr. Fredericks, Warden, | : | |
| | : | **RELEASED: 07/09/2021** |
| Respondent-Appellee. | : | |

_____

<u>APPEARANCES:</u>

David Billman, Appellant, Pro Se.

William H. Lamb, Assistant Attorney General, Cincinnati, Ohio for Appellee.

_____

Wilkin, J.

{¶1} This is an appeal from a Pickaway County Court of Common Pleas judgment entry that dismissed appellant, David Billman's, petition seeking a writ of habeas corpus. After our review of appellant's arguments, the record, and the applicable law, we affirm the trial court's judgment of dismissal.

BACKGROUND

{¶2} In 2012, appellant was convicted of two counts of gross sexual imposition, two counts of rape, two counts of attempted rape, and five counts of gross sexual imposition involving two different children in Monroe County, Ohio. *State v. Billman*, 7th Dist. Monroe Nos. 12MO3 and 12MO5, 2013-Ohio-5774, ¶ 6. Appellant, in pertinent part, alleged on appeal that the state had failed to prove venue, i.e. the offenses had occurred in Monroe County. *Id.* at ¶ 11. The court of appeals overruled this specific argument, finding that there was sufficient

evidence to establish that the criminal offenses occurred in Monroe County, and otherwise affirmed his convictions. *Id.* at ¶ 13, 49. Subsequently, appellant filed an unsuccessful delayed appeal in the Supreme Court of Ohio in *State v. Billman*, 138 Ohio St.3d 1467, 2014-Ohio-1674, 6 N.E.3d 1203, and an unsuccessful federal petition for habeas corpus in *Billman v. Warden*, S.D. Ohio No. 2:14-CV-1910, 2016 WL 931262 (Mar. 11, 2016).

{¶3} Appellant then filed a petition in the Pickaway County Court of Common Pleas seeking a writ of habeas corpus to be released from prison, asserting among other allegations that the state failed to prove venue. *Billman v. Smith*, 4th Dist. Pickaway No. 19CA18, 2020-Ohio-1358, ¶ 10. The trial court dismissed appellant's petition for failure to state a claim. *Id.* at ¶ 13. We dismissed appellant's appeal, finding among other reasons that venue was not cognizable in habeas corpus. *Id.* at ¶ 20-22.

{¶4} On October 15, 2020, appellant filed a second petition seeking a writ of habeas corpus in the Pickaway County Court of Common Pleas, alleging that the trial court that presided over his criminal convictions lacked jurisdiction based on the state's failure to prove venue. The trial court again dismissed appellant's second petition for failing to state a claim upon which relief could be granted, which judgment is the subject of this appeal.

{¶5} Appellant asserts three assignments of error: (1) the court is in error as it wrongfully claims, in the decision and entry, that David Billman (David) didn't argue a jurisdiction issue, (2) the court is in error as it wrongfully claims in the

decision and entry that David challenged the indictment, and (3) the court is in error as it wrongfully applied res judicata in the decision and entry.

{¶6} In response, appellee argues that the trial court did not err in dismissing appellant's petition because appellant can prove no set of facts that warrant him relief, and moves this court to affirm the trial court's judgment of dismissal.

Law and Analysis

{¶7} "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *McKinney v. Haviland*, 162 Ohio St.3d 150, 2020-Ohio-4785, 164 N.E.2d 415, ¶ 6, citing R.C. 2725.01. "Habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *Id.*, citing *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. A direct appeal is an adequate remedy in the ordinary course of the law that makes a habeas action unavailable. *Jackson v. Johnson*, 135 Ohio St. 3d 364, 2013-Ohio-999, 986 N.E.2d 989, ¶ 3, citing *State ex rel. Nickleson v. Mayberry,* 131 Ohio St.3d 416, 2012-Ohio-1300, 965 N.E.2d 1000, ¶ 2, citing *Smith v. Mitchell,* 80 Ohio St.3d 624, 625, 687 N.E.2d 749 (1998). An appeal is still an adequate remedy that precludes a habeas action, even if it is unsuccessful. *Id.*, at ¶ 5, citing *Childers v. Wingard,* 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998).

{¶8} "[T]here is a limited exception to the adequate-remedy requirement: 'when a court's judgment is void because it lacked jurisdiction, habeas is still an

appropriate remedy despite the availability of appeal.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995). Therefore, "[a] successful habeas 'petitioner must be able to establish that his present incarceration is illegal because the trial court that rendered the conviction lacked jurisdiction over the criminal case.' " *Starkey v. Shoop*, 4th Dist. Ross No. 20CA3705, 2021-Ohio-564, ¶12, quoting *Steele v. Jenkins*, 4th Dist. Ross No. 18CA3630, 2018-Ohio-4103, ¶ 9.

{¶9} A trial court can dismiss a petition for habeas corpus under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted " ' "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." ' " *Shoop* at ¶ 9, quoting *Smith v. Sheldon*, 157 Ohio St. 3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 5, quoting *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

{¶10} Our review of a trial court's dismissal of a habeas action for failure to state a claim is de novo. *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan,* 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7. This standard of review, "affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Id.*, citing *McDill v. Sunbridge Care Ents., Inc.,* 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618, at ¶ 10.

**{¶11}** Although appellant asserts three assignments of error, the gravamen of his appeal is that the trial court erred in failing to grant his habeas petition because the state failed to prove venue in his criminal trial; thus, depriving the court of jurisdiction to preside over his case.  We disagree.

**{¶12}** "Venue is not a jurisdictional element of a criminal offense."  *State ex rel. Whitt v. Harris*, 157 Ohio St. 3d 384, 2019-Ohio-4113, 137 N.E.3d 71, ¶ 10, citing *State v. Crawford*, 5th Dist. Richland No. 18CA79, 2019-Ohio-273, 2019 WL 351248, ¶ 17.  Rather, as we recognized in affirming the trial court's dismissal of appellant's first habeas petition, venue is not cognizable in habeas corpus because it is a sufficiency-of-the-evidence-based challenge.  *Billman,* 4th Dist. Pickaway No. 19CA18, 2020-Ohio-1358, ¶ 20-22, *see also Cook v. Maxwell,* 2 Ohio St. 2d 107, 108-109, 206 N.E.2d 558, 559 (1965).  Consequently, appellant has failed to prove that the trial court lacked jurisdiction to entertain his criminal case, which is a requirement in a habeas action as we acknowledged in *Shoop,* 4th Dist. Ross No. 20CA3705, 2021-Ohio-564 at ¶12.

**{¶13}** Further, appellant's petition herein is his second, successive petition seeking his release from prison on the basis that the state failed to prove venue in his criminal trial.  Res judicata bars successive habeas petitions.  *Lloyd v. Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 14, citing *State ex rel. Childs v. Lazaroff,* 90 Ohio St.3d 519, 520, 739 N.E.2d 802 (2001).  This is precisely the type of endless litigation to which res judicata applies.  *See State v. Hatton*, 4th Dist. Pickaway No. 19CA34, 2021-Ohio-1416, ¶ 16, quoting *State v. Miller*, 4th Dist. Lawrence No. 11CA14, 2012-Ohio-1922, ¶ 5, quoting *State v.*

*Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18 (" '[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.' ").

CONCLUSION

**{¶14}** Therefore, after employing a de novo review, we find that appellant can prove no set of facts that would entitle him to the requested extraordinary relief in habeas corpus.  Because appellant's petition is not cognizable in a habeas action, and, as a successive petition, was barred by res judicata, dismissal was the proper disposition.  Accordingly, we affirm the trial court's judgment that dismissed appellant's petition.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:    _____
Kristy S. Wilkin, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**