[Cite as *Rouse v. Davis*, 2024-Ohio-915.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| RONALD ROUSE, JR., | : | |
| | : | |
| Petitioner-Appellant, | : | Case No. 22CA4008 |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA DAVIS, WARDEN, | : | <u>DECISION AND JUDGMENT</u> |
| Southern Ohio Correctional Facility,[1] | : | <u>ENTRY</u> |
| | : | |
| Respondent-Appellee. | : | **RELEASED 3/07/2024** |

_____

APPEARANCES:

Ronald Rouse, Jr., Lucasville, Ohio, Petitioner-Appellant Pro Se.

Ohio Attorney General Dave Yost, and Katherine E. Mullen, Senior
Assistant Attorney General, Columbus, Ohio, for Respondent-Appellee.

_____

Smith, P.J.:

{¶1} This is an appeal from a Scioto County Court of Common Pleas judgment entry that dismissed Petitioner-Appellant Ronald Rouse, Jr.'s petition seeking a writ of habeas corpus. After our review of the record and the applicable law, we affirm the trial court's judgment.

---

[1] In Rouse's Habeas Petition, he named Ronald Erdos as Warden of the Southern Ohio Correctional Facility. The Scioto County Docket Sheet for Case No. 22CIH64, the underlying proceeding, denotes that on May 2, 2023, Ronald Erdos was dismissed as defendant and Cynthia Davis has been substituted as the Warden of the Southern Ohio Correctional Facility. Respondent-Appellee's brief notes that pursuant to Civ.R. 25(D)(1), "a public officer's successor is automatically substituted as a party" when the named public officer no longer holds office.

# BACKGROUND

{¶2}  Rouse, who has felony convictions from Muskingum and Ross Counties in Ohio, is currently imprisoned at the Southern Ohio Correctional Facility (SOCF) in Scioto County.  He is currently in the custody of Cynthia Davis, the Warden of SOCF.  Rouse filed a Writ of Habeas Petition in the Scioto County Court of Common Pleas on April 11, 2022.  We set forth the following chronology leading to the filing of Rouse's petition.

{¶3}  In 2007, Rouse was convicted in the Muskingum County Court of Common Pleas for one count of Aggravated Burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of Violation of a Protection Order, in violation of R.C. 2919.27(A)(1), a felony of the third degree; and one count of Domestic Violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree.  *See State v. Rouse*, 5th Dist. Muskingum No CT2007-0036, 2008-Ohio-2975, at ¶ 1, "*Rouse I*."  On May 20, 2007, the trial court sentenced Rouse to a stated prison term of ten (10) years on Count One, and to a stated prison term of five (5) years on Count Two, said sentences to be served consecutive to one another for an aggregate prison sentence of fifteen (15) years.  *Id.* at ¶6.  In addition, Rouse received a sentence of six (6) months on Count Three, to be served concurrent to the other charges.  *Id.*  The Fifth District affirmed his convictions in *Rouse I.*

For clarity, we will reference this set of felony convictions from Muskingum County, with an underlying case number of CR2007-0012, as "Case 1."

{¶4} Rouse was also convicted upon a plea of guilty to one count of Assault on a Peace Officer, Muskingum County Common Pleas Case Number CR2007-0110. We will reference this conviction as "Case 2." In October of 2007, the trial court sentenced Rouse to six months, to be served concurrently with his sentence in Case 1.

{¶5} While serving the above prison sentences in Ross County in 2011, Rouse was indicted by the Ross County Court of Common Pleas on one count of Felonious Assault and one count of Possession of a Deadly Weapon While Under Detention. Ross County Common Pleas Court assigned this as Case Number CR2011-543 and we will reference it as "Case 3." Rouse later entered guilty pleas to both counts. On January 26, 2012, the trial court sentenced Rouse, stating as follows: "I'm going to impose three years on count one and three years on count two. Those run concurrent to each other. But the net three years runs consecutive to the sentence that he's currently serving."

{¶6} Based upon the above facts, Rouse alleged in his petition that he is unlawfully restrained because he has served his maximum sentence of 15 years imposed by the trial court in Muskingum County in Case 1, which

expired in December 2021, and since that time, he has been held in custody unlawfully. Rouse challenges the validity of the sentencing entry from Ross County, which purports to impose an additional three years to be served consecutively, for two reasons. First, he argues the language indicating that his sentence is to run consecutive to "the sentence that he's currently serving," is ambiguous in that it does not set forth a specific case number. Second, Rouse alleges that the judgment entry of sentence erroneously sets forth the name of the offense he pled to as "Possession of a Deadly Weapon While Under Disability." Rouse contends that Crim.R. 43 was violated in that he was never in the presence of the trial court as required to enter his plea. Due to these irregularities, Rouse concludes that upon the expiration of his maximum 15 year sentence on December 26, 2021, he is no longer lawfully in custody. Rouse supported his petition with the following documents:

1. Exhibit A: Three Count Indictment, Muskingum County, filed Jan. 11, 2007;

2. Exhibit B: Entry, Muskingum Case No CR2007-0012, filed May 10, 2007;

3. Exhibit C: One Count Indictment, Muskingum County, filed April 18, 2007;

4. Exhibit D: Entry, Muskingum Case No. CR2007-0010, filed October 31, 2007;

5. Exhibit E:  Two Count Indictment, Ross No. 11CR543, filed October 7, 2011;

6. Exhibit F:  Judgment Entry of Sentence, Ross No. 11CR543, filed January 26, 2012;

7. Exhibit G:  Plea of Guilty, Ross No. 11CR543, filed December 6, 2011;

8. Exhibit H:  Case Docket Sheet, Ross No. 11CR543;

9. Exhibit I:  Appears to be printout from Southern Ohio Correctional Facility with sentencing information, dated December 17, 2021;

10. Exhibit J:  Appears to be offender information from the Ohio Department of Corrections showing expected release date 12/26/24;

11. Exhibit K:  Notice of Commitment and Calculation of Sentence, Ohio Department of Rehabilitation and Correction, dated May 17, 2007, showing calculated release date of 12/29/2021;

12. Exhibit L:  Transcript of Dispositional Hearing, Ross No. 11CR543;

13. Exhibit M:  Transcript of Plea Hearing, Ross No. 11CR543.

Rouse requested an evidentiary hearing or, in the alternative, an order for his immediate discharge.

{¶7}   On July 1, 2022, Rouse filed a Motion for Summary Judgment in the Scioto County Common Pleas Court.  On July 6, 2022, Respondent

filed a Motion to Dismiss.  Also on that date, the trial court filed a judgment entry scheduling a non-oral hearing on July 29, 2022.  On July 14, 2022, Rouse filed Petitioner's Reply to Respondent's Motion to Dismiss.

{¶8}  On October 20, 2022, Rouse filed a Motion to Compel Ruling. On November 8, 2022, the trial court filed a Judgment Entry on Motion to Dismiss, granting Respondent's motion.  The trial court reasoned that:  (1) Rouse had an adequate legal remedy via direct appeal, postconviction petition, or even delayed appeal because the errors he claims are obvious on the face of the entry; (2) res judicata is also applicable; and (3) Rouse did not sustain his burden of proving that he was illegally detained.

{¶9}  Rouse thereafter filed a timely appeal.

## ASSIGNMENTS OF ERROR[2]

I.   ABUSE OF DISCRETION.  TRIAL COURT ERRED WHEN AN INMATE'S MAXIMUM SENTENCE HAS EXPIRED A WRIT OF HABEAS IS THE PROPER REMEDY TO CHALLENGE THE ILLEGALITY OF THE INMATE'S CONTINUED INCARCERATION.

II.  ABUSE OF DISCRETION.  TRIAL COURT ERRED FOR AN AMBIGUITY WITH BASE COUNT (2) BEING IMPOSED IN DEFENDANTS PRESENCE IN ACCORDANCE TO CRIM.R. 43(A).

---

[2] The assignments of error are set forth verbatim from Rouse's brief.

III.    TRIAL COURT ABUSED IT DISCRETION BY
        FAILING TO ANSWER SUMMARY JUDGMENT
        MOTION.

IV.     TRIAL COURT ABUSED ITS DISCRETION ON
        PETITIONER'S REPLY TO RESPONDENT'S LATE
        MOTION TO DISMISS.

V.      TRIAL COURT ABUSED ITS DISCRETION FOR
        FAILURE TO GRANT MOTION TO COMPEL TO
        NON-ORAL HEARING IN HIS FAVOR.

## A. LAW

### 1.   Standard of Review

{¶10}  Respondent filed a motion to dismiss Rouse's petition for failure to state a claim.[3] " 'A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." ' " *Starkey v. Shoop*, 4th Dist. Ross No. 20CA3705, 2021-Ohio-564, at ¶ 9, quoting *Smith v. Sheldon,* 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 5, quoting *Keith v. Bobby,* 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

---

[3] The record reveals the underlying motion was filed pursuant to Civ.R. 12(B)(3) but we perceive this to be a scrivener's error.

{¶11} Appellate review of a dismissal for failure to state a claim is de novo. *See Hammond v. Perry,* 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7. This means the reviewing court "affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Id.*, citing *McDill v. Sunbridge Care Ents., Inc.,* 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618, at ¶ 10.

2. Habeas Corpus

{¶12} " 'Habeas corpus petitions are governed by R.C. [Chapter] 2725.' " *Starkey v. Shoop, supra,* at ¶10, quoting *Steele v. Jenkins,* 4th Dist. Ross No. 18CA3630, 2018-Ohio-4103, ¶ 9. "A habeas corpus petition is available to any person who is 'unlawfully restrained of his liberty * * * to inquire into the cause of such imprisonment, restraint, or deprivation.' " *Hinton v. Shoop*, 4th Dist. Ross No. 17CA3619, 2018-Ohio-3647, ¶ 11, quoting R.C. 2725.01. "[T]he petitioner has the burden of establishing his right to release." *Id.,* ¶ 12, citing *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). "[I]f the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ

and should dismiss the petition." *Id*., citing *Pegan v. Crawmer,* 73 Ohio St.3d 607, 609, 653 N.E.2d 659 (1995).

{¶13} " ' "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." ' " *Lloyd v. Robinson,* 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 19, quoting *Billiter v. Banks,* 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8, quoting *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. " 'An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ.' " *State v. Bradford,* 4th Dist. Ross No. 17CA3613, 2018-Ohio-1907, ¶ 10, quoting *Shoop v. State,* 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8. "The fact that a direct appeal may no longer be available to [a petitioner] does not render the legal remedy inadequate or thereby entitle [the petitioner] to the extraordinary writ of habeas corpus." *State v. Jenkins,* 4th Dist. Ross No., 18CA3630, 2018-Ohio-4103, ¶ 10, citing *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9.

{¶ 14} "A successful habeas 'petitioner must be able to establish that his present incarceration is illegal because the trial court that rendered the conviction lacked jurisdiction over the criminal case.' "

*Starkey v. Shoop*, at ¶ 12, quoting *Jenkins,* at ¶ 9, citing R.C. 2725.05. But, "habeas corpus is not the proper mode of redress where the petitioner has been convicted of a criminal offense and sentenced to imprisonment therefor by a court of competent jurisdiction." *Pollock v. Morris*, 35 Ohio St.3d 117, 117-118, 518 N.E.2d 1205 (1988). If "the petitioner asserts that the trial court committed non-jurisdictional errors in the underlying case, the errors can be adequately reviewed in a direct appeal of the conviction and the habeas corpus petition is subject to dismissal." *Jenkins* at ¶ 9, citing *State ex rel. Harsh v. Sheets,* 132 Ohio St.3d 198, 2012-Ohio-2368, 970 N.E.2d 926; *State ex rel. Shackleford v. Moore,* 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035. For example, it is well-settled that claims of sentencing error are not jurisdictional. *See Steele v. Jenkins*, 4th Dist. Ross No. 18CA3630, 2018-Ohio-4103, at ¶ 10, (internal citations omitted), and *State ex rel. King v. Watson*, Slip Opinion No. 2023-0323, 2023-Ohio-4189, - - N.E.3d - -, at ¶ 18 (internal citations omitted).

## B. ANALYSIS

{¶15} For ease of analysis, we consider Rouse's first and second assignments of error jointly.

### 1.  First Assignment of Error.

{¶16}  On appeal, Rouse again contends that the judgment

entry of sentence in Case 3 contains an ambiguity because the entry is silent

as to whether the sentences in Case 3 had to be served consecutive or

concurrent with the sentences in his first and second cases.  Again, Rouse

points to the language of the judgment entry in Case 3 which states:  "The

court finds that the defendant has been convicted of the offenses of felonious

assault, O.R.C. 2903.11 and Possession of a Deadly Weapon While Under

[sic] that the offender serve a stated prison term of three (3) years in prison,

for each offense to be served concurrently to one another and consecutively

to the sentence defendant is presently serving."

     2.   <u>Second Assignment of Error</u>.

{¶17}  Rouse also contends that the judgment entry of

sentence in Case 3 contains an ambiguity as to the identity of the charge in

Count Two, "Possession of a Deadly Weapon While Under Detention."  The

entry reads that Rouse was pleading to "Possession of a Deadly Weapon

While Under Disability."  Rouse argues that he was not sentenced to the

latter charge in the presence of the trial court as required by Crim.R. 43.

{¶18}  Respondent concedes the typographical error in the Ross

County sentencing entry wherein the correct code section is cited with the

wrong title.  However, Respondent contends that the sentencing entry from

Ross County Case 3 is not ambiguous and argues that the lower court was

not required to refer to specific prior case numbers when he ordered the new sentence to be served consecutive to the sentence in an earlier case. We have reviewed the documents attached to Rouse's petition and on appeal. Rouse was sentenced by a court of competent jurisdiction. We conclude, as did the trial court, based on well-established law, that Rouse has asserted only sentencing errors which are not jurisdictional and thus, habeas review is not the proper vehicle to seek redress of error or irregularities in an individual's sentence or the sentencing proceedings. Rather, direct appeal or postconviction review is the relief available. Furthermore, both arguments asserted by Rouse would be barred by res judicata.

{¶19} Even if we were to entertain Rouse's claim regarding the alleged ambiguity of the Ross County judgment entry of sentence, we would find it to be without merit. Respondent directs our attention to the Tenth District's decision in *State ex rel. Crowley v. Ohio Department of Rehabilitation and Correction,* 10th Dist. Franklin No. 17AP-198, 2018-Ohio- 2526.[4] In *Crowley,* a mandamus action decided by a magistrate upon independent review of the evidence and objections, the Tenth District overruled the objections and adopted the magistrate's decision which stated:

---

[4] Respondent also cites our own decision in *State v. Mitchell,* 4th Dist. Meigs No. 13CA13, 2015-Ohio-5042, but we decline to discuss it because the similar language utilized by the trial court in *Mitchell* was not the basis of appellant's challenge.

"There is no requirement that the sentencing entries in Case Nos. 06-CR-102 and 06CR23350 that imposed definite sentences *reference Case No. 92CR-632, that imposed the indefinite sentence.*" (Emphasis added.) Relator's request for writ of mandamus was denied.

{¶20} Similarly, were we to entertain Rouse's argument regarding the typographical error and the alleged Crim.R. 43(A) violation, we would again find no merit. The Ross County indictment reflects that Count Two is Possession of A Deadly Weapon While Under Detention, R.C. 2923.131. The judgment entry of sentence reflects the charge of Possession of a Deadly Weapon While Under Disability, but cites the code section as set forth in the indictment. The Plea of Guilty Rouse signed lists the correct code section and the correct charge. The trial court docket reflects the date of the filing of the judgment entry of sentence, along with the incorrect charge. Rouse's Exhibit I, a printout from ODRC, lists his incarceration for Possession Of A Deadly Weapon While Under Detention, R.C. 2923.131.

{¶21} Rouse also attached transcripts of his plea hearing in Ross County, dated November 23, 2011. At the hearing, the trial court references the weapons charge correctly and then engages with Rouse in the typical Crim.R. 11 colloquy regarding the nature of his charges as follows:

> The Court:   Count two it says on the same date, in
> Ross County, that you were under detention at a

correctional facility or detention facility, and that you knowingly possessed a deadly weapon, specifically a homemade shank and that you were under detention for aggravated burglary, a first degree felony and you were sentenced out of the Court of Common Pleas of Muskingum County, Ohio on May 10, 2007. Do you understand that charge:

Defendant:  Yes.

{¶22}  In our view, Rouse was well aware of the charge to which he pled and he has provided us with no authority supporting the conclusion that this typographical error in the sentencing entry renders his conviction or sentence void.  *See State v. Bradford,* 2017-Ohio-3003, 91 N.E.3d 10, at ¶ 22 (4th Dist.).  *See also State v. Cooper*, 5th Dist. Stark No. 2022CA00091, 2023-Ohio-2897, at fn. 2, citing *State ex rel. Bradford v. Dinkelacker,* 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N..E.3d 1216, in the context of a mandamus action, ("We are reassured in our decision by the fact that * * * the Supreme Court of Ohio has reviewed Appellant's Hamilton County convictions in the course of a mandamus appeal, acknowledged the discrepancy [in Revised Code sections] between the verdict form and the sentencing entry, yet failed to sua sponte recognize that the error rendered either the conviction or sentence void or contrary to law.").  Furthermore, in *Steele v. Jenkins,* cited earlier in this opinion, we found that Steele's assertion that the trial court failed to comply with Crim.R. 43(A) constituted

a sentencing error that should have been raised on appeal and not by habeas corpus. *Id.* at ¶2.

{¶23} Based on the foregoing, the trial court correctly concluded that Rouse was unable to establish that his present incarceration is illegal, that Rouse had an adequate remedy at law in the form of a direct appeal, and that he was not entitled to habeas corpus. The sentencing errors Rouse has asserted are not jurisdictional and thus are not cognizable grounds for habeas relief. Accordingly, we overrule Rouse's first and second assignments of error. Having overruled the first and second assignments of error, we find the third, fourth, and fifth assignments of error are necessarily rendered moot. The judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., & Wilkin, J.: Concur in Judgment and Opinion.

For the Court,


BY:    _____
        Jason P. Smith,
        Presiding Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**